## FRANCIS *v.* AMES.

Where parties agree to a common-law arbitration, without fixing the time and place of rendering the award, notice of the award must be given to both parties. This having been done, a suit may be brought upon the award in any Court having jurisdiction.

Where parties agree to an arbitration under the statute, they must follow the statute, unless, in given particulars, they waive its requirements. The statute requires that a copy of the award shall be delivered to each party within a certain time. And where the agreement is that the award be made a rule of Court (naming the Court), as provided by the statute, it must be filed and enforced pursuant to the agreement.

Or a suit may be brought upon the bond of submission. This is a branch of the statutory remedy.

A suit pending may be referred to arbitration under a rule of Court; but as the statute makes no provision for this class of arbitrations, the proceedings must be regulated by the rule of reference, the agreement of the parties, or the common-law practice.

The three modes are cumulative remedies, and any of them may be adopted; but when adopted, it must be pursued unless a deviation be agreed to by both parties.

APPEAL from the *Laporte* Circuit Court. <span style="float:right">*Saturday,*<br>*June 2.*</span>

PERKINS, J.—*Ames* sued *Francis* upon an award. The complaint set out the award and agreement of submission.

That agreement provided that the award should "be in writing, duly signed and executed by the arbitrators, and a true copy thereof delivered to the parties within and by the time allowed in § 11, p. 229, of the second volume of the revised statutes of this state; and the award be made a rule of the *Laporte* Circuit Court as provided by law,

and that judgment in said Court should be rendered thereon, to the end that all matters of controversy between the parties should be finally concluded."

The award appears to have been duly made, signed, and witnessed within the time; but it does not appear, nor is it averred in the complaint that a copy thereof was, in proper time, or ever, given to the defendant.

The defendant demurred to the complaint for insufficiency; the demurrer was overruled, and final judgment rendered for the plaintiff upon the award.

If the parties had, by their agreement of submission, limited the proceeding for the settlement of their controversy to a simple common-law arbitration, it would have been necessary, as the time and place of rendering the award therein were not fixed, to give notice of the award to both parties. Perk. Pr. 75. After that had been done, a suit upon the award could have been maintained in any Court having jurisdiction.

But the parties did not, by their agreement, thus limit the proceeding; they, on the contrary, expressly stipulated that the proceeding should be a statutory one. It was at their option to adopt a common-law or a statutory arbitration; but if they adopted a statutory arbitration, they were bound to follow the statute unless its requirements were waived in given particulars by both parties. No such waiver is shown. Hence, it was necessary that a copy of the award, in legal time, should have been given to the defendant below in this suit, and that the award should have been filed and enforced in the *Laporte* Circuit Court, pursuant to the agreement, and in the mode prescribed by the code. *Titus* v. *Scantling*, 4 Blackf. 89.—*The New Albany, &c., Railroad Co.* v. *McPheeters*, 12 Ind. R. 472. Or that suit should have been instituted upon the bond of submission. This is a branch of the statutory remedy. *Coats* v. *Kiger*, at this term (1).

In cases where a suit is pending, and it is agreed to refer it to arbitration, it may be so referred, under a rule of the Court; but for this class of arbitrations, the code of 1852 makes no provision, and the proceedings must be

regulated in it; when adopted, by the terms of the rule of reference, the agreement of the parties, or the common-law practice. Perk. Pr. 85, 87. See the practice stated in *Dickerson* v. *Hays*, 4 Blackf. 44. See, also, *Allen* v. *Hiller*, 8 Ind. R. 310.

In *Forqueron* v. *Van Meter*, 9 Ind. R. 270, the agreement of submission provided that the award should be made a rule of Court, unless a note should be given for the amount of the award; and the note was given.

The case of *Griggs* v. *Seely*, 8 Ind. R. 264, was one where a pending suit was referred, and in which, as we have seen, the statute prescribes no practice, and the parties both agreed to the mode of settlement adopted.

The three modes are cumulative remedies, and either one may be adopted; but when adopted, it must be pursued unless a deviation be agreed to by both parties.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. B. Niles*, for the appellant.
*J. A. Thornton*, for the appellee.

(1) *Ante*, 179.