## JAMES DeLONG v. JONATHAN STAHL.

1. REFEREES; *Limit of Powers; Reports.* The powers of a referee are limited by the order appointing him, and when in such order he is directed to make his report within a certain time, and such time passes without any report, his powers are at an end, and a report thereafter is a mere volunteer report, and without validity.

2. ———— It is error for the court to confirm any such volunteer report.

3. ———— *Practice; Bills of Exception.* Trial courts should by general rule, or in each order of reference, require notice to be given by the referee of the completion of his report to each party, a reasonable time before its filing, in order to give opportunity for the preparation and presentation of a bill of exceptions.

*Error from Montgomery District Court.*

ACTION by *Stahl* against *DeLong*, as mayor of the city of Independence, and one *Wm. Mott*, to set aside a certain deed executed by *DeLong*, as mayor, to said *Mott*. The questions decided in this court are upon points of practice with respect to reports and proceedings of referees, and as to these questions the opinion states all necessary facts and proceedings. The report of the referee, G. C., was in favor of *Stahl*, and the district court, at the August Term 1873, confirmed said report and gave judgment thereon in favor of *Stahl*, and *De-Long* and *Mott* bring the case here on error.

*Nathan Cree*, for plaintiffs in error:

The court below erred in overruling defendant's motion to set aside the report, and reinstate the case for trial. We

maintain that the report of the referee, being made after the time fixed by the order, was a nullity, the authority of the referee having expired. The argument of the case before the referee, was closed on the 25th of March. The April Term of our court commenced on Monday the 7th, thus giving the referee ample time to make his report according to the directions of the order of reference. 1 Oregon, 99; 10 Abb. Pr., N.S., 277; 30 Cal., 218; 14 Ind., 251; 1 Nev., 27; 14 Mich., 152; 16 Ohio St., 573; 24 Penn. St., 411; 37 Me., 504; 22 Ill., 300. It has been expressly decided that, "when a rule of reference requires a report within a limited time, power ends at expiration of that time." (1 Johnson's Cases, 334; 10 Yerg., 441.)

There can be no valid decision unless notice be given. (Morse on Arb. & Award, 118.) By reference to the affidavits it will be observed that defendants had no notice of the final decision of the referee, or of its character. This voids the report, for it utterly precluded a motion for new trial or review. Exceptions must be taken, or there can be no motion for a new trial; (9 Cal., 353; 19 id., 609.) Defendants expected notice of the decision, and noted many exceptions to the rulings of the referee on the trial. The code, §§ 293, 295, fixes the method of trial before the referee, and the manner in which his decision is to be made. The trial is to be conducted in the same manner as before the court, and exceptions to "any order or decision" made in the case must be signed and delivered with their report. (7 Cal., 50; 17 Wis., 20.) The referee can sign no exceptions after he files his report. He is then *functus officio*. This has repeatedly been determined. (50 Barb., 119; 7 Ind., 49; 23 How. Pr., 473; Morse on Arb. & Award, 226.) It follows that if a report is filed without exceptions, a motion for a new trial must prove nugatory. Exceptions must appear *of record*, or it will be presumed that none were made. (47 Barb., 144.) No tribunal of review will consider a decision unless it be excepted to, or give a new trial except on objections distinctly made on the trial. As plaintiff below claimed the right to

have judgment entered on the report of the referee, it only remained for defendants to obtain an order against it, and to ask for the reinstatement of the case for trial. As the failure to allow us to except entirely cut off our rights, it placed the decision of the referee on the same footing as any other judicial act performed without notice, that is, rendered it void. (18 Mich., 247; 24 Iowa, 163; Blackw. Tax Titles, 213.) Our mere right to except implied that we should have notice. (8 Ohio St., 210; 5 Cal., 148.) When a case is referred to arbitrators, notice of the time and place of meeting must be given, or the award is void.

*Turner & Ralstin*, for defendant in error:

1. "The findings of fact by a referee have equal force with the findings of fact by a court, or the special verdict of a jury;" (8 Kas., 397;) and no exception is taken to the report of the referee, that his findings of fact are "not sustained by sufficient evidence." (Code, § 306.) By what rule or law of judicial procedure is the plaintiff in error enabled to present the questions raised in this case for consideration on appeal? It appears from the record that the referee filed his report with the clerk of the district court May 1st 1873, during the term of the court. It further appears that defendant in error filed his motion for judgment on the report of the referee on the same day. It also appears that plaintiff in error did not move against the report of the referee until the 14th of August 1873, when he files his motion for the first time, and objects to the rendition of and entry of any judgment on the report of the referee. The code, §§ 306, 308, 309, provide *how* and *where* a party may move against "a verdict of the jury, report of a referee, or a decision by the court," and the grounds on which such motion must be based. "The application must be made *at the term* the verdict, report or decision is rendered," (§ 308,) and "shall be within *three days* after the verdict or decision was rendered." And "the application must be by motion upon written grounds filed at the time of making the motion; (§ 309.) It is not pretended that plaintiff

in error has complied with either or any of these provisions. The only act of plaintiff in error prior to the filing of his written motion at the *next term*, was an objection against the *entry* of the judgment on the journal of the court proceedings. The entry of judgment is a mere *clerical* act of the clerk. "The report of the referee upon the whole issue stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court;" (§ 293, Civil Code;) and "judgment is entered upon the report of a referee as a matter of course, and the only mode of taking advantage of it is by moving to set it aside as on motion for a new trial." (3 Estee Pl. and Prac., 491, § 47.)

Motion for a new trial must be made at the term at which the verdict was rendered; (3 Kas., 80.) Application at the next term after the verdict must be by petition; (Code, § 688.) Motion to set aside the report is analagous to a motion for a new trial, may be made in like cases, and is governed by the same rules. (Waite N. Y. Code, 501, note *d*.) The decision of a referee to whom all the issues are referred is entitled to the same respect as a judge; (Waite, 503, note *i*, 22 N. Y., 568; 3 Estee, 490.)

2. Plaintiffs in error complain of the action of the referee in not giving them notice of the filing of the report, and that they were thereby deprived of a right to except to the findings of fact and conclusions of law. Assuming that his exceptions must be taken and noted to *the report* prior to the filing of the same with the clerk of the court, still there is no foundation for this complaint against the referee any more than there would be against a jury for not notifying either party *in advance* of the returning into court their verdict, what that verdict would be; or against the court, where a jury is waived, not advising a party or counsel what the finding *would be* before it was amended by the court. The proper time to move against the report of a referee is after it is made and filed in court, and not *before*, just as a verdict of a jury, or the finding by the court when the cause is tried

36 —13 KAS.

by the judge.   Plaintiff in error had ample opportunity to object, and save his exception on the record, to any order or decision of the referee during the progress of the trial.   And it is not claimed that any exception was taken to any order or decision of the referee during the progress of the trial, from beginning to the end thereof, which the referee refused to note, give a bill of exceptions, or failed or neglected to return the same with his report to the court.   The great error complained of in the court below was that the referee did not show plaintiff in error his findings of fact and conclusions of law before he filed his report with the clerk, and thereby prevented plaintiff in error from excepting and making a bill of exceptions to the report, assuming (as has already been said,) that the exceptions to the report must be made and bill of exceptions signed to the report *before* it is filed with the clerk, instead of afterward.

There being no part of the testimony in this case in the record, the findings of fact by the referee will not be considered by the court.   And there is nothing presented in the record for the consideration of the court but objections which are more technical than substantial.

The opinion of the court was delivered by

BREWER, J.: The issues in this case were at the December Term 1872, of the district court of Montgomery county, referred to a single referee, with instructions to report his determination ten days before the beginning of the next term.   No report was filed within the time named, but one was filed on the last day of that next term.   This report is dated of the day it was filed.   There is nothing in it to show when the trial before the referee was completed, or his decision rendered.   And if you are to look at the affidavits filed on the motion to set it aside, it would appear that his decision was not made until the day before the filing.   At any rate, it does not appear from the report or otherwise that the trial was completed and the decision made prior to the time fixed by the court for filing the report.   A motion to set it aside,

on the ground that at the time of filing the referee had no power to act, was overruled, and judgment entered on the report.   In this we think the court erred.   The referee is an officer whose power and duties are created by the order of the court.   If he go outside the limits of that order, his acts are void.   When the time within which by the terms of the order he must act has expired, his office has ceased, and his powers are ended.   Neither party is obliged to take any further notice of the reference.   Here he was ordered to make his report by a specified time.   When that time had passed without the filing of a report his powers as referee were at an end, and any further action was as though no order of reference had ever been made.   Nor did the confirmation of the report make valid that which was before void.   The report, when filed, was no more than a volunteer report; and a court cannot by confirmation breathe life into such a document.  *Harner v. Coffin*, 1 Oregon, 99;  *Brower v. Kingsley*, 1 Johns. Cases, 334;  *White v. Pivyer*, 10 Geyer, 441;  *Ryan v. Dougherty*, 30 Cal., 218;  *Francis v. Ames*, 14 Ind., 251;  *Smith v. Warner*, 14 Mich., 152.

Before disposing of the case we desire to notice one other matter.   No exceptions were filed with this report, and several affidavits are filed to show that plaintiffs in error had no knowledge of the determination of the referee until after the filing of the report, and no opportunity to prepare and present a bill of exceptions to the referee.   The statute requires the referee to sign exceptions and return them with his report.   In practice a party does not generally like to write out exceptions and have them signed, unless the findings are against him.   To do so pending the hearing, works disagreeable delays.   Hence a referee ought always, after the preparation of his report, to give notice thereof to the parties a sufficient time before the filing for them to prepare exceptions if desired.   The writer of this opinion, when upon the bench of the First Judicial District, made a general rule requiring in all cases of reference five days' notice to each party before the filing of the report.   It would be well for all trial courts, if

they have no general rule applicable, to prescribe in each order of reference the length of notice to be given before the filing. In this way the defeated party can always save his exceptions; and whenever in the absence of any general rule, or special order, it appears that a defeated party has, without any laches on his part, been deprived through the action of the referee of an opportunity to prepare and preserve his exceptions, the report should be set aside.

In taking advantage of this case to make some suggestions as to references, we do not wish to be understood as intimating that the facts in this case show any misconduct on the part of the referee. So far as those suggestions are concerned, we speak not in criticism of the present, but in advice for future cases. The judgment of the district court will be reversed, and the cause remanded for further proceedings.

KINGMAN, C. J., concurring.

VALENTINE, J.: I concur in the decision of this case upon the first ground stated in the opinion and syllabus.