YOUNG, *Administrator*, v. POWELL, *Appellant*.

1. **Agency : BURDEN OF PROOF.** Where one receives money as the agent of another, the burden is on him, in an action to account therefor, to show that he repaid it to his principal, or otherwise disposed of it by the latter's direction.

2. **Reference : WAIVER.** It is too late to object for the first time after the trial and filing of the referee's report to the reference of the cause because it was one not properly referable.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*R. B. Vineyard* and *B. D. Lee* for appellant.

(1) The third count of the petition does not state a good cause of action. *Mc Williams v. Allan*, 45 Mo. 573. This objection can be raised for the first time in the Supreme Court. *State ex rel. v. Griffith*, 63 Mo. 547; *Peltz v. Eichele*, 62 Mo. 171. (2) The cause was not a proper one for reference. *Dooley v. Barker*, 2 Mo. App. 325. (3) Treating the second count as a proceeding in equity for an accounting, the appellate court should review the evidence and reverse the judgment if the finding of the lower court is against its weight. *Forrester v. Scoville*, 51 Mo. 268; *Morey v. Staley*, 54 Mo. 419; *Knowles v. Mercer*, 16 Mo. 455; *Ely v. Ownby*, 59 Mo. 437; *O'Neil v. Capelle*, 62 Mo. 208. (4) The referee erred in finding the issues for plaintiff. There is no evidence controverting defendant's claim of settlement.

*J. E. McKeighan* and *Alexander Young* for respondent.

(1) The case was properly referred. The record shows this was done by consent of parties and it was too late when the report was filed to raise the objection that

the case was not a proper one for reference. (2) The second count of the petition states a good cause of action. (3) The report of the referees and the decision upon the issues made by the second count and the answer and counter-claims were correct and should stand. The evidence showed defendant was but an agent of Levy and not his partner. *Campbell v. Dent,* 54 Mo. 325; *Wiggins v. Graham,* 51 Mo. 17; Story on Part., sec. 49. (4) The referees heard all the evidence, and their findings, when approved by the court below, must stand. The report of referees is like the verdict of a jury, and will not be set aside by an appellate court, if it has substantial testimony to sustain it. *Benevolent Association v. Kribbe,* 48 Mo. 37; *Franz v. Dietrich,* 49 Mo. 95; *Hoyt v. Clark,* 8 Mo. App. 565; *Roemmich v. Wamaganz,* 8 Mo. App. 576; *St. Louis Stoneware Co. v. Patridge,* 8 Mo. App. 217; *Murphy v. Jones,* 7 Mo. App. 570–71; *Bank of North America v. Tamblyn,* 7 Mo. App. 571.

HENRY, C. J.—This is an action instituted in the circuit court of the city of St. Louis by plaintiff, as administrator of Jonathan Levy, deceased, to compel defendant to account for moneys received by him, as the agent of Jonathan Levy. It was clearly proved that he received, on drafts remitted to him by Levy, about $30,000. One-half of that amount defendant claimed as a co-partner of Levy, in mercantile adventures in Montana territory; and the balance, he testified, he paid to Levy in 1874. He failed to prove the alleged co-partnership, and there is abundant evidence to sustain that finding of the referees. Having received the money as the agent of Levy, to be held by him for Levy, it devolved upon him to prove that he had repaid it to Levy or otherwise dispose of it, by Levy's direction. He testified that he and Levy had a settlement in 1864, of all matters between them, and proved a division of lands held by them in common, and the execution of deeds by

each to the other, to consummate a partition, and other witnesses testified to having heard Levy say that he and defendant had had a settlement. So far as the lands held by them in common are concerned, there is no doubt that there was a settlement; but there was a matter of $30,000 received by defendant in drafts sent by Levy from Montana, and over $10,000 collected by defendant for Levy in St. Joseph of rents, for which, except about $11,000, he exhibited no receipts, no memorandum, no book account, nothing to show what disposition he made of that large amount of money.

It is incredible that a man of defendant's knowledge of business should have had such large dealings and settlements with an old man, seventy years of age, enfeebled in body and mind, known to have entrusted the management of his business to defendant for years without taking a receipt for the money he paid him, or having a witness to the settlement, or payments, or even making a memorandum of dates and amounts. In this connection it may be mentioned, that Mr. Levy was a man of abstemious and parsimonious habits, supposed to be a man of wealth, and so reported by defendant himself, and yet, at his death, but little property or money belonging to him was found by his administrator.

On all the issues of fact the referees made findings, and their report is similar to and stands, in some respects, as the verdict of a jury, and will not be disturbed, if there was testimony to sustain it. *Benevolent Association v. Kribben*, 48 Mo. 37; *Franz v. Dietrick*, 49 Mo. 95. There was a conflict of evidence, on all the issues of fact; but we are clearly of the opinion, that the preponderance of the evidence, on every issue found against the defendant was on the side of the plaintiff. It was too late for the objection, made after the report of the referees was filed, that it was not a proper cause for reference. By consent of the parties, it was referred to Wm. F. Smith and J. H. Wieting to try the whole issue thereon, and if, subsequently, plaintiff

abandoned or dismissed as to, what defendant contends were, the only counts which were referable, it was his duty to ask the court to vacate the order of reference; but instead of this, he proceeded to try the cause before the referees, and made no objection until their report was filed. It is a very able report, and treating this as an equity cause in which it is our province and duty to examine all the evidence, and, if we think the finding erroneous, to set them aside, yet we would not interfere with the findings in this cause, because we are of the opinion, upon a careful examination of the testimony, that the findings of the referees were such as the evidence, not only warranted, but required. The report of the referees was approved by the circuit court, and judgment entered against defendant, which, on appeal to the St. Louis court of appeals was affirmed, and we affirm the judgment. All concur.