GOODALE, ADM'R, v. CASE ET AL.

1. **Reference:** TIME FOR REPORT: LIMITED BY ORDER. Where an order submitting the accounts of an administrator to a referee required him to report at the next term, his authority was limited as to time by the order, and his report ought not to have been received at a later term.

2. ———: ———: WAIVER: ESTOPPEL. The fact that an interested party appeared before the referee after the time when his report should have been filed, and when his authority was at an end, did not confer upon him authority to proceed, and did not estop such party from afterwards objecting to the referee's authority.

3. ———: PRACTICE: REPORTING EVIDENCE. Conflicting claims, on which there is conflicting evidence, ought never to be sent to a referee without requiring him to preserve and report the evidence, unless there be some controlling reason for proceeding differently,—such, for example, as the agreement of the parties that the evidence shall not be reported.

*Appeal from Cass Circuit Court.*

WEDNESDAY, MARCH 16.

THIS is a proceeding in the court of probate to charge the plaintiff, an administrator, on account of certain indebtedness to the estate. There was an order entered to the effect that he should charge himself in his report and account with such alleged indebtedness. From this order he appeals.

*Willard & Fletcher* and *D. F. Harding*, for appellant.

*L. L. DeLano*, for appellee.

BECK, J.—I. The plaintiff filed a report, showing his account of moneys received and paid by him as administrator. At the May term, 1884, the circuit court entered an order referring this report, with the report of a preceding

special administrator, to a referee, requiring him to report thereon at the next term of court. Certain heirs of the estate filed objections to several credits in the plaintiff's account, and claimed that he should be charged with $1,000, on account of money borrowed of the decedent in his lifetime. At the term following the succeeding term of court, the referee filed his report, which rejects the items of credit, or some of them, objected to by the heirs,—at least, we do not find them in the account stated by the referee,—and charged him with $1,150 on account of money borrowed of the decedent, as alleged by the heirs. The heirs who had made objections to the plaintiff's report filed an objection to the report, on the ground of a written agreement entered into between them and the plaintiff settling the matter in controversy. The plaintiff's name appears in this paper as one of the heirs, which he is in fact. It is stated in the objection that the finding in the report of the indebtedness of the plaintiff to the estate in the sum of $1,150 is not supported by the evidence, and is not in accord with the agreement just referred to. The circuit court entered an order confirming the report of the referee, and requiring the plaintiff to correct his report accordingly. Various objections are made to this action, only one of which will be considered.

II. The order of submission required the referee to report at the next term of the court. This he did not do. We think that the report ought not to have been received after that term. The order has the effect to prescribe the time in which he should discharge the duties required of him by the court. After that time expired, he ceased to have authority as a referee. A referee ought not to be permitted to prolong the settlement of matters submitted to him, and parties ought not to be required to watch and wait for his action after the time expires limiting his authority. See *DeLong v. Stahl*, 13 Kan., 558, and authorities cited; *Knipe v. Harrington*, 1 Blackf., 79.

III. But it is insisted that, as the plaintiff had knowl-

1. REFER-ENCE: time for report: limited by order.

edge of the proceeding had by the referee after the term to which he was to report, and appeared therein and gave his testimony, he ought not now to be heard to object to the action of the referee after that term. And it is also insisted that, as the plaintiff appeared and objected to the report of the referee after it was filed, he is precluded from complaining of the action of the court in approving the report. As the referee's authority expired with the term to which he was to report, his subsequent proceedings were as the acts of one not a referee, and authority as such was not conferred by the presumed assent of plaintiff. The authority could not be conferred by the court. But, in our opinion, the evidence submitted on this point shows that he did not appear and object to the report. He so testifies, and the attorney making the objections corroborates his statements. It is our conclusion that the report of the referee ought to have been set aside, and the questions in dispute arising upon the plaintiff's report ought to have been heard and determined by the circuit court.

*2. ——: ——: waiver: estoppel.*

IV. We may properly suggest that matters of this kind, wherein there are conflicting claims upon which there is conflicting evidence, ought never to be sent to a referee, without requiring him to preserve and report the evidence. The court ought not to delegate its powers to a referee, so as to cut off all opportunity and means to review his actions. It is an unsatisfactory and unsafe way to administer justice. Doubtless, the parties may waive the taking and reporting of the evidence by the referee, or it need not be done unless one of the parties requires it; but, unless there be some controlling reasons for different proceedings, the court should require the referee to preserve and report the evidence with his findings of facts and conclusions of law.

*3. ——: practice: reporting evidence.*

The order and judgment of the circuit court is reversed, and the cause is remanded for proceedings in harmony with this opinion.　　　　　　　　　　　　　　　　REVERSED.