## J. W. DAVIS v. T. J. CALDWELL, et al., Appellants.

**Referee:** LOSS OF JURISDICTION. A referee has no jurisdiction to act after the time he was required, in the order of appointment, to make his report.

SAME. An order by the court, after the expiration of the time fixed for filing a referee's report, directing that the per diem of the several reporters "heretofore" and "hereafter" acting for such referee be taxed to the county, is insufficient to validate the referee's report, made after the expiration of such time.

ESTOPPEL. A party assenting to a continuance by the referee beyond the time he was required to make his report, and appearing and taking part in the hearing, without objection, is not estopped to deny the jurisdiction of the referee. *Goodale v. Case*, 71 Iowa, 434 (32 N. W. Rep. 414) *followed*.

*Appeal from Shelby District Court.*—HON. WALTER I. SMITH, Judge.

## MONDAY, JANUARY 25, 1897.

ACTION in equity to recover an amount alleged to be due on a promissory note, and to foreclose a mortgage given to secure its payment. The defendants admitted giving the note and mortgage, but pleaded payment and other defenses. A referee was appointed to take the evidence and make a report. He did so, but on the motion of the plaintiff his report was stricken from the files, and the defendants appeal from that order.—*Affirmed*.

*Byers & Lockwood* for appellants.

*G. W. Cullison* for appellee.

ROBINSON, J. The referee was appointed on the fifth day of February, 1892, and the record of the appointment is in words as follows: "It appearing to

the court that this cause is a proper one for reference, requiring an accounting, it is ordered that the partial submission had herein, be set aside, and L. W. Ross, Esq., is hereby appointed referee to take evidence and report herein before the first day of the next term of this court." The first day of the next term of court was March 29, 1892. The referee appointed took the required oath, and gave the parties in interest notice that he would commence the hearing of the case on the tenth day of March, 1892, in Avoca. The parties appeared by their attorneys at the time and place named, and the taking of evidence was commenced. At the end of the next day, the attorney who represented the plaintiff stated that he had been called to a distant part of the state, and asked that the further taking of evidence be continued to a further day, to be fixed by the referee. The request was assented to by the defendants, and granted by the referee. On the twenty-second day of March the referee fixed March twenty-fourth as the day on which to commence the further hearing of the case, and the parties to it were notified accordingly. The time was not satisfactory to the attorney for the plaintiff, and he requested that a later date for the hearing be fixed. That was done, and the referee fixed April 8, 1892; but that date was not satisfactory to either party, and the twenty-eighth day of the the same month was fixed, and the hearing was resumed at that time, and the taking of evidence was then concluded, both parties appearing without objection and taking part in the examination. When it was finished the parties stipulated that an abstract should be prepared, and arguments be completed by the fifteenth day of June. That time was further extended by agreement of parties, and the report of the referee was not filed until the fifteenth day of February, 1893. All the continuances had were

assented to by both parties, and no objection to the delay in preparing and filing the report appears to have been made until after it was filed. On the twenty-eighth day of March, 1893, the plaintiff, by motion, asked the court to strike the report from the files, because not filed within the time specified in the order which appointed the referee. The motion was sustained, and we are now asked to review that ruling.

The question thus presented is not an open one in this state. The right of a referee to make a report after the time in which he was required to do so by the order of the court, was considered in *Goodale v. Case*, 71 Iowa, 434 (32 N. W. Rep. 414); and it was there held that, when the time so fixed expired, his authority to act as referee was at an end, and that a report made after that time should not be received. That holding finds support in *De Long v. Stahl*, 13 Kan. 558, in which the supreme court of Kansas, in considering the report of a referee made after the time fixed by the order of the court for making it, said: "The referee is an officer whose powers and duties are created by the order of the court. If he go outside the limits of that order, his acts are void. When the time within which, by the terms of the order, he must act, has expired, his office has ceased, and his powers are ended. Neither party is obliged to take any further notice of the reference. Here he was ordered to make his report by a specified time. When that time had passed without the filing of a report, his powers as a referee were at an end, and any further action was as though no order of reference had been made. Nor did the confirmation of the report make valid that which was before void. The report, when filed, was no more than a volunteer report, and a court cannot, by confirmation, breathe life into such a document." It is said.

however, that the appellee in this case is estopped to question the authority of the referee to act in this case, by his conduct in appearing before the referee, and taking part in the hearing, after the time allotted for making the report had expired, without objection. It appeared in *Goodale v. Case, supra,* that the plaintiff, who there objected to the report of the referee, had appeared before him after the time within which he was authorized to act had expired, and given testimony. But this court said, in effect that, as the referee's authority had expired, it was not revived by the presumed assent of the plaintiff. The referee's lack of power in such a case is jurisdictional, and the defect cannot be supplied by the agreement of parties. In that respect it differs from the defects which were involved in numerous cases cited by the appellants, as an irregularity in the submission, a failure of the referee to take the required oath, an insufficient notice of hearing, and other defects of a similar character. A few of the authorities cited, tend to support the claim of appellants that a party may be estopped by his conduct from objecting to the actions of the referee taken after the proper time, but we are not inclined to overrule the case of *Goodale v. Case,* which we regard as conclusive against the claim of the appellants.

One further point may be noticed: On the thirty-first day of March, 1892, two days after the expiration of the time fixed for filing the report, the court made an order in this case as follows: "It is ordered that the per diem of the several reporters heretofore or hereafter acting for the referee herein be taxed to Shelby county." But this order did not purport to extend the time in which the referee was authorized to act, and the words "or hereafter," as used, cannot be given that effect. It is possible that such an extension was contemplated by the parties.

and, had it been given, the order quoted would have provided for the payment of services rendered by the reporters during the extended time; but the court failed to make an order granting the referee additional time in which to act. We conclude that the order of the district court from which this appeal was taken is correct, and it is AFFIRMED.