(No. 2131.   Aug. 29, 1919.   Rehearing
Denied Jan. 29, 1920.)

# E. M. BIGGS TIE AND STORE CO. v. ARLINGTON LAND CO., et al. (BURNS, Intervener.)

## SYLLABUS BY THE COURT

1.   A motion, which so far as appears from the record was never decided below, presents no question for decision in the appellate court.   P. 617

2.   Where a case is referred to a referee and one of the parties contends that the case cannot properly be referred and that he is entitled to a jury trial, it is the duty of such party, prior to a hearing and report by the referee to move the court for. an order vacating the reference and to award him a trial by jury.   .   P. 617

3.   Objections that a case is not properly referable and that a party is entitled to a jury trial should be made to the court and not to the referee.   P. 617

4.   Section 4239, Code 1915, which provides for the appointing of a referee and further provides that such referee shall complete the hearing within three months, unless otherwise ordered or the time be extended by the court for good cause shown, is mandatory; and a referee must complete the hearing within three months from the date of his appointment unless the order of appointment otherwise provides or the time is extended by the court.   P. 619

Appeal from District Court, Rio Arriba County; Raynolds, Judge.

Action in equity for an injunction by E. M. Biggs Tie & Store Company against the Arlington Land Company and others, with intervention and cross-complaint by T. D. Burns and others.   Order dissolving temporary injunction against the original defendants made the final

judgment of the court, and judgment disposing of rights of interveners other than Burns. Objection to referee's report overruled, and judgment entered for intervener, and plaintiff appeals. Reversed and remanded, with instructions to set aside the judgment and to proceed as though no reference had been made.

A. B. RENEHAN and E. R. WRIGHT, both of Santa Fe, HAYT, DAWSON & WRIGHT, of Denver, Colo., and CARL H. GILBERT, of Santa Fe, for appellant.

N. B. LAUGHLIN, of Santa Fe, and REESE Mc-CLOSKEY, of Durango, Colo., for appellee.

### OPINION OF THE COURT

ROBERTS, J. Appellant, plaintiff below, commenced an action in equity in the district court of Rio Arriba county in April, 1913, against the Arlington Land Company, Chama Valley Land & Irrigation Company, and others, based upon its contract, dated the 3rd day of January, 1911, with the Chama Valley Land & Irrigation Company, under which it claimed the right to cut all the merchantable timber upon the Tierra Amarilla land grant. The legal title to the land grant rested in the Arlington Land Company at the time the contract for the timber was entered into between the appellant and the Chama Valley Land & Irrigation Company. The complaint contained allegations designed to show that the Arlington Land Company, the record owner of the grant, had received the benefits of the contract between the Chama Valley Land & Irrigation Company and the appellant and acquiesced in the making of the contract, and other allegations calculated to show that in equity the Arlington Land Company was bound by the contract between the parties named. The complaint went on and alleged that the Chama Valley Land & Irrigation Company had no record title to the land; that the Arlington Land Company was proceeding to sell the land without recognition of appellant's rights to the timber, the contract for which had some years to run at the time the complaint was filed. The prayer of the bill was that

the Arlington Land Company be enjoined from selling and disposing of the real estate without reserving to the appellant its rights under the said contract. It was alleged that the land company had sold about 100,000 acres of the grant to one person, without naming him, who refused to recognize the appellant's rights, or to allow it to cut the timber off the land, and that the said Arlington Land Company was making further contracts and would convey other portions of said grant to other parties who would not recognize appellant's rights under its contract, and prayed an injunction against the defendants, their servants, agents, and privies, against hindering or preventing the cutting and removing of timber from any part of the grant.

The Arlington Land Company answered denying the equities in the bill, and set up that appellant was cutting timber from lands on the grant, and asked for an injunction restraining further trespass.

Thomas D. Burns entered into a contract with the Arlington Land Company in November, 1912, for the purchase of about 100,000 acres of land. A deed for the land was made and was recorded on the 14th day of February, 1913, and Burns was in possession of the land at the time the suit was instituted by appellant. Burns was not made a party. Other portions of the grant had been sold to other individuals not necessary to be named. These individuals, together with Burns, filed a petition of intervention wherein they set up their rights under their deeds, and the appellee Burns set forth his claimed damages to his land by the cutting and removing of timber by appellant, as well as damages to his land and pasture, and prayed an injunction that the plaintiff be restrained from further cutting and trespass, which said intervening petition was allowed to be filed by the court.

At the time of the filing of the complaint by appellant, a temporary injunction was issued against the original defendants restraining them from selling any portions

of the grant, or interfering with appellant's cutting of the timber. Upon the incoming of the answer by the Arlington Land Company, the court dissolved the temporary injunction, and on the 4th day of December, 1913, the court entered an order appointing John R. McFie as referee "with the direction to take the proof as between the plaintiff therein and the defendant the Arlington Land Company, upon the cross-complaint of the defendant the Arlington Land Company, and the answer of the plaintiff thereto and as between the intervener, T. D. Burns, and the plaintiff, the E. M. Biggs Tie & Store Company, on the intervening petition and cross-complaint of the said T. D. Burns and the answer of the plaintiff thereto, and to report the same with his findings of fact and conclusions of law thereon to this court."

Subsequently, a stipulation was entered into between the Arlington Land Company and the appellant, by which the order dissolving the temporary injunction theretofore granted the appellant was made the final judgment of the court. The stipulation contained certain other matters not necessary to be referred to, except one provision to the effect that the stipulated judgment should be without prejudice to the rights of the appellant in so far as the interveners were concerned. Judgment was entered in accordance with the stipulation. Thereafter a second stipulation was filed upon which judgment was entered disposing of the case as to all the interveners except T. D. Burns.

Burns filed an amended cross-bill, in which he set up the fact that the appellant had cut and destroyed timber on the portion of the grant owned by him after his said purchase of the value of more than $15,000 and had converted the same to appellant's use; that appellant prior to the trespass had received actual notice of the appellee's purchase of the land and timber from the Arlington Land Company; and that the trespass was willful and intentional, and the value of the manufactured timber at the time of conversion was asked as damages.

An answer was filed to this pleading alleging, among other things, that appellant had proceeded to cut the timber in question under the bona fide belief, induced by the advice of reputable counsel, that it had the legal right to do so.

On the 28th day of December, 1914, there was filed in the office of the clerk of the district court of Rio Arriba. county objections to said referee upon the ground that at that time the cause had resolved itself into an action at law and that appellant was entitled to a jury trial, which was demanded; that the only issue remaining was the question of damages, which was purely legal. The objections were renewed at the time the referee proceeded to hear the evidence. No ruling of the court, however, was invoked until after the evidence had been taken and the referee's report was filed and came on for consideration by the court. The referee's report came on for consideration, the objections were heard and overruled, and judgment was entered on the 29th day of July, 1916, for the intervener in the sum of $15,684.33, in accordance with the findings of such referee, to review which judgment appellant prosecutes his appeal.

Appellant has assigned 42 grounds of error which he. discusses under 3 general heads. The points will be considered in the order stated by appellant.

[1-3] The first point made is that the action of the court in adopting and ratifying the report of the referee was erroneous for two reasons: First, that at the time of the reference the litigation had resolved itself into an action at law in which appellant was entitled to a trial by jury; and, second, that the powers of the referee under the order of reference had terminated before the hearing. These questions will be discussed in the order stated.

Appellant does not contend that the order of reference was not proper at the time it was made. No objection was interposed by appellant to the reference. At

that time equitable issues were involved, both as to the Arlington Land Company's cross-bill and the cross-bill filed by the intervener. Afterwards, as heretofore stated, the litigation between the Arlington Land Company and appellant was settled by a stipulated decree. Appellee Burns amended his cross-bill so that a recovery of damages was alone sought. It is true that appellant filed objections to the referee proceeding with the hearing and that it demanded a jury trial, but no ruling of the court was invoked on the motion so filed.

"A motion, which so far as appears from the record was never decided below, presents no question for decision in the appellate court." 3 C. J. p. 890.

It was the duty of appellant to have invoked a ruling of the court upon its motion asking the court to vacate the order of reference and to award it a trial by jury prior to the hearing before the referee and his report. It will not be permitted to take its chances of a favorable decision by the referee, and when it finds the decision adverse to it then press for a decision its objection to the reference. Nor do the objections made by appellant before the referee at the beginning of the taking of testimony avail the appellant. As said by the Supreme Court of Misouri in the case of State ex rel., v. People's Ice Co., 246 Mo. 168, on page 198, 151 S. W. 110:

"Objections on this head must be made at the time of the appointment and made to the court itself. The referee or commissioner, as he was dubbed in this case, * * * has no more power to set aside his appointment on the ground that the cause he is about to hear is not referable than he has to appoint himself referee in the first place."

This case likewise disposes of the objection made by appellant at the time the report of the referee came on for consideration. The court said:

"It may also be observed that the action of the trial court in overruling the motion to set aside the appointing order and the motion to strike out the testimony on the ground that the case was not referable and consent had not been given, all of which motions were filed after the report was in, is in full harmony with principles heretofore laid down."

Other authorities to the same effect are Grant v. Hughes, 96 N. C. 177, 2 S. E. 339, 346; Smith v. Baer, 166 Mo. 392, 66 S. W. 166; Conley v. Horner, 10. Okl. 277, 62 Pac. 807; Young v. Powell, 87 Mo. 128.

Here the reference apparently was with the consent of appellant. At least, no objection was interposed to the reference. It may be the issue had subsequently changed by reason of the stipulated decree in so far as appellant and the Arlington Land Company were concerned and the amendment of the cross-bill by Burns, so that only an issue of law was presented upon which appellant would have been entitled to a jury trial. 16 Cyc. 116; Camp v. Elston, 48 Ala. 81; Alger v. Anderson et al (C. C.) 92 Fed. 696; Kessler v. Ensley Co. (C. C.) 123 Fed. 546; Miller v. St. Louis & K. C. R. Co., 162 Mo. 424, 63 S. W. 85; United States v. Bitter Root Dev. Co., 133 Fed. 274, 66 C. C. A. 652. But no ruling of the court was invoked on the question until after all the evidence was taken and the report of the referee was filed, which was adverse to appellant. As we have said, the request came too late. For these reasons the question presented is not here for determination.

[4] On December 4, 1913, an order of court was entered appointing John R. McFie as referee to take the testimony and report the findings of fact and conclusions of law. The order of reference did not specify the time within which the testimony should be taken or the report made. The hearing before the referee was not begun until December 29, 1914, more than a year after the referee was appointed. Before any testimony was taken before the referee, appellant objected to the referee proceeding with the taking of testimony on the ground that under section 4239, Code 1915, more than three months having elapsed since the appointment of the referee, he was without power to proceed with the taking of testimony; no extension of time having been granted by the court. Notwithstanding the lapse of time and the objection interposed by appellant, the referee

proceeded to take the testimony, upon which findings of fact were made and conclusions of law stated and upon which report the judgment was entered. Appellant contends that the powers of the referee under the order of reference to take the testimony had expired before the hearing.

Section 4239, Code 1915, governing the matter, reads as follows:

"They shall appoint a time and place for the hearing, and give ten days' notice thereof, in writing, to all the parties; and if either party, being notified, shall fail to appear, they shall proceed ex parte, and shall adjourn the hearing from time to time as may be necessary, but shall complete the hearing within three months, unless otherwise ordered, or the time be extended by the court for good cause shown."

Appellant contends that this statute is mandatory and that unless the order appointing the referee otherwise orders, or the time be extended by the court, the power of the referee to take any testimony in the case expires at the end of three months from the date of his appointment. It is appellee's contention that the statute is directory and does not have the effect to deprive the referee of jurisdiction to take testimony after the three months has expired. No similar statute is called to our attention, but there are many cases passing upon statutes which require the report of the referee to be filed within a designated time after the taking of the testimony is completed. Quoting the statute of California will afford an illustration of the other statutes in this regard. Section 643, Cal. Code Civ. Proc., reads:

"The referees or commissioner must report their findings in writing to the court within twenty days after the testimony is closed, and the facts found and conclusions of law must be separately stated therein."

This statute was held to be directory by the Supreme Court of California in the cases of Keller v. Sutrick, 22 Cal. 471; Broad v. Murray, 44 Cal. 228; McQuillan v. Donahue, 49 Cal. 157. A similar statute is found in South Dakota, with the further provision that the time

may be extended by consent of the parties or by order of the court or judge. This was likewise held to be directory. Perkins v. Roberts County, 27 S. D. 281, 130 N. W. 443, 34 L. R. A. (N. S.) 581, Ann. Cas. 1913D, 601. Other like cases will be found in a note to the case of Perkins v. Roberts County, Ann. Cas. 1913D, p. 604, and the note to the same case in 34 L. R. A. (N. S.) 581. The leading case to the contrary is De Long v. Stahl, 13 Kan. 558, in an opinion by Justice Brewer. There a referee was appointed with directions to report his determination 10 days before the beginning of the next term. The court held that, when the time within which by the terms of the order he must act had expired, his office ceased and his powers ended. The case of Perkins v. Roberts County, supra, intimates that there is a distinction between statutes fixing the time in which the report should be returned and statutes authorizing the court to fix the time and the order so doing. We confess an inability to see the reason for such a distinction. If the statute prescribes the time within which the report shall be made, such statute enters into and becomes a part of the order appointing the referee and would seemingly have the same force and effect as to time within which the report should be made as the order of the court itself in this regard. Many state courts hold that the failure of the referee to report within the alloted time makes a subsequent report of no effect. Hall v. Hall, 3 Conn. 308; Goodale v. Case. 71 Iowa, 434, 32 N. W. 414; Davis v. Caldwell, 100 Iowa, 658, 69 N. W. 1037; Price v. Tyson, 2 Gill & J. (Md.) 475; Mott v. Anthony, 5 Mass. 489; White v. Kimball, 3 N. J. Law, 461; Hills v. Passage, 21 Wis. 294.

Our statute being apparently original, we must endeavor to ascertain the legislative intent. It was adopted while New Mexico was a territory and was probably patterned after the sixty-ninth equity rule (198 Fed. xxxviii, 115 C. C. A. xxxviii) promulgated by the United States Supreme Court, which provided that—

"Three months, and no more, shall be allowed for the tak-

ing of testimony after the cause is at issue, unless the court or a judge thereof shall, upon special cause shown by either party, enlarge the time."

This was apparently incorporated in the rules of practice for the district courts of the territory in equity cases by rule 72, adopted by the territorial Supreme Court in 1880. This rule provided:

"Three months, and no more, shall be allowed for the taking of testimony after the cause is at issue, unless the court shall, upon special cause shown by either party, enlarge the time, and no testimony taken after such period shall be allowed to be read in evidence at the hearing."

The sixty-ninth equity rule has been several times before the federal courts for construction. In the case of Wooster v. Clark and Others (C. C.) 9 Fed. 854, it was held that equity rule 69 was imperative, and that no testimony taken after that time should be allowed to be read at the hearing. In the case of Western Electric Co. v. Capital Tel. & Tel. Co. (C. C.) 86 Fed. 770, the court, in speaking of a deposition taken after the expiration of three months, said:

"The deposition was not taken within the time prescribed or permitted by rule 69 (Equity Rules), and the complainant made this objection at the time of the taking of the deposition. The motion to exclude this deposition must therefore be granted as the rule referred to is imperative that testimony taken after the time prescribed shall not be read at the time of the hearing."

In the case of Ingle v. Jones, 9 Wall. 486, 19 L. Ed. 621, the court said:

"The rule referred to provides that 'three months and no more, shall be allowed for the taking of testimony after the cause is at issue, unless the court or a judge thereof shall, upon special cause shown by either party, enlarge the time.' The three months are allowed for the taking of testimony by both parties. The limitation applies as much to defendants as to complainants. It is for the court or judge to decide whether further time shall be given or refused, and ordinarily the determination of the question would not be deemed a fit subject for review by this tribunal."

This rule would seem to be imperative, and that without an order of court extending the time no testimony

taken after the expiration of three months would be re-
ceived in evidence. When the statute in question was
adopted, as we have said, New Mexico was a territory,
and the equity rule referred to applied to cases on the
federal side of the district courts in this state, and it is
quite probable that the framers of the Code used this
rule as a model in framing the section of the statute now
under consideration. It was designed, of course to speed
the hearing and disposition of cases and made it incum-
bent upon the referee and the parties to proceed
promptly with the taking of the proofs. It differs rad-
ically from the California statute and others patterned
after it, in that such statutes make no provision for the
time within which the evidence shall be taken, but simply
limit the time within which the report shall be made
after the evidence is taken. Our statute limits the time
within which the evidence must be taken and is silent
as to the time thereafter within which the report must
be filed. It will be noted that the statute says the referee
shall complete the hearing within three months. This
would appear to be mandatory, but the following words
provide a method of relief from the mandatory character
of the statute in that the court, at the time of making the
appointment of the referee, might order a different period
within which the testimony should be taken, either short-
ening the statutory period or extending it, and, where
this was not done, the court might for good cause shown
extend the time. These provisions would seem to clearly
indicate that the statute was intended to have a manda-
tory character and to cut off the right of the referee him-
self to extend the time for taking the testimony. If it
was the legislative intent that the statute should be di-
rectory, there would have been no occasion for the pro-
visions giving the court the right to otherwise order or
to extend the time for good cause shown, for such pro-
visions would have been wholly unnecessary. From a
reading of the statute, we are forced to the conclusion
that it was the legislative intent that the provisions lim-
iting the time to three months was intended to be man-

datory and not directory, and that without an order of court otherwise directing, or extending the time, the referee is without power to take testimony, after the statutory time has expired. The question as to whether he might proceed with the taking of testimony with the consent of the parties is not involved in this case.

Appellee argues that section 4247, which provides that "referees shall in all cases report as speedily as possible," and section 4243, that "referees may be compelled by order of the court, in which a cause is pending, to proceed to the hearing and make report," indicate that the section under consideration was not intended to be mandatory; but we do not believe that the sections referred to change the construction of section 4239. Section 4247 is directory and makes it the duty of the referee to proceed with diligence in making his report, and section 4243 gives the court the power to require the referee to proceed promptly with the hearing and to make a report. In other words, the court might limit the time within which the testimony should be taken and the report made and compel the referee to act accordingly.

When the cause came on for consideration in the district court upon the report of the referee, the appellant objected upon the ground that the testimony had not been taken within the time limited by the statute. The court should have sustained this objection and should have proceeded with the case as if no report had been made. There was no evidence before the court which it could consider.

From the foregoing, it follows that the cause must be reversed and remanded to the district court, with instructions to set aside its judgment and to proceed with the cause as though no reference had been made, and it is so ordered.

PARKER, C. J., and HICKEY, District Judge, concur.