(26 Misc. Rep. 150.)

WEIDENFELD v. WOOLFOLK.

(Supreme Court, Special Term, New York County. January, 1899.)

REFERENCE.

To authorize an order of reference under Code Civ. Proc. § 1013, on the ground that the trial will require the examination of a long account, facts must be shown from which the conclusion can fairly be drawn that so many separate items of account will be litigated that a jury cannot keep the evidence in mind in regard to each of the items, and give to it proper weight and application.

Action by August Weidenfeld against George C. Woolfolk. De-fendant moves for a reference. Denied.

I. Brown, for the motion.
R. E. Prime, opposed.

GILDERSLEEVE, J. This is a motion for a reference, under sec-tion 1013 of the Code, which motion is opposed by the plaintiff. The

section provides that the court may, of its own motion, or upon the application of either party, without the consent of the other, direct a trial of the issues of fact by a referee, where the trial will require the examination of a long account on either side, and will not require the decision of difficult questions of law.    It is not pretended here that any difficult questions of law are involved in this case, or will arise upon the trial thereof.    The motion is founded upon the pleadings, and upon an affidavit of the defendant that the trial will require the examination of a long account.    The complaint is based upon three promissory notes, made by the Alabama Terminal Company, indorsed by the defendant, and owned by the plaintiff.    The answer alleges, among other things, that a large amount of collateral security was given with the notes to I. B. Newcombe & Co., the payee of the notes, from whom plaintiff claims title to the same.    This collateral security consisted of a large number of bonds of the Montgomery, Tuscaloosa & Memphis Railroad, and of a large quantity of angle bars, and 400 kegs of bolts and nuts, all of which security was sold and converted into cash by the said Newcombe & Co., as alleged in the answer, without accounting for the same; and the answer claims that the amount realized on such collateral was much more than enough to pay and extinguish the notes.    It seems, therefore, that it may become necessary to take testimony on the trial as to the various amounts realized upon the sales.    But in order to justify a compulsory order of reference, on the ground that the trial will require the examination of a long account, facts must be disclosed, either by affidavit or upon the face of the pleadings, from which the conclusion can fairly be drawn that so many separate items of account will be litigated that a jury cannot keep the evidence in mind in regard to each of the items, and give to it proper weight and application.    It is not sufficient merely to show a possibility that in the course of the trial the examination of a long account may be required.    See Spence v. Simis, 137 N. Y. 617, 33 N. E. 554; Thayer v. McNaughton, 117 N. Y. 111, 22 N. E. 562. From a careful examination of the papers presented on this motion, I do not think that the defendant has made out a proper case to warrant the granting of a compulsory reference.    The motion must be denied, with leave to the defendant to renew on further affidavits.    No costs.

Motion denied, with leave to renew on further affidavits.    No costs.