## KELLER *v.* SUTRICK.

THE provision of Sec. 187 of the Practice Act, as to the time within which a referee must file his report, is merely directory.   A failure to file within the time will not invalidate the report or the judgment rendered thereon.

A finding of fact by a referee will not be set aside where the evidence is conflicting.

APPEAL from the Twelfth Judicial District.

The facts are sufficiently stated in the opinion.

*Samuel Platt*, for Appellant,

Contended : 1st, that the evidence clearly showed an express warranty, to constitute which no precise words are necessary where the intention to warrant appears (5 Cal. 473 ; 3 Kent's Com. 480) ; 2d, that the report of the referee not having been filed until more than ten days after the closing of the evidence was thereby vitiated, and could not be made the basis of a judgment.   (Practice Act, Sec. 187.)

*Delany & Booraem,* for Respondent.

I.   The provision of Sec. 187 of the Practice Act, in reference to the time within which a referee must file his report, is merely directory.   Sec. 191 of the Practice Act provides, that when the report is not made immediately after the closing of the testimony it shall be deemed excepted to ; clearly showing that the limitation in Sec. 187 was not imperative.

When a cause is referred the referee holds the position formerly held by the Court, and all the acts of the referee are subject to the same discretionary power held by the Court.   And this Court has decided that the Court below is not compelled to find and file its conclusions within the ten days provided by statute, the provision as to time being declared directory.   (*Vermule* v. *Shaw,* 4 Cal. 214.)

II.   The decision of a referee, upon a question of fact, will be treated on appeal like the verdict of a jury, and will not be interfered with where the evidence is conflicting.   (*Gunter* v. *Sanchez,* 1 Cal. 45 ; *Walton* v. *Minturn,* Id. 362 ; *Ritchie et al.* v. *Bradshaw,* 5 Id. 229 ; *Knowles* v. *Joost et al.,* 13 Id. 620.)

III.   Upon a sale of chattles, if there be not an express warranty, the doctrine of *caveat emptor* obtains.   The vendee purchases at his peril and has no redress for a defect of quality.   (2 Kent's Com. 478 ; 2 Caines, 48 ; 20 Johns. 196 ; Hill on Sales, 224 ; *Hart* v. *Wright,* 17 Wend. 267 ; S. C. in 18 Id. 149 ; *Salisbury* v. *Steiner,* 19 Id. 159 ; *Moses* v. *Mead,* 1 Denio, 378 ; *Moore* v. *McKinley,* 5 Cal. 471.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover the sum of $1,075, the price of a quantity of grapes sold by the plaintiff to the defendant.   The defense is, that the plaintiff, by his agent, expressly warranted the grapes sound and in good condition ; that they were not sound, and he notified plaintiff's agent to take them back, which he refused to do.   These averments are denied in the replication.   The defendant sold the grapes for seven hundred and twenty-nine dollars and

thirty-five cents, and tendered it to the plaintiff. The case was referred, the referee filed his findings and report in favor of the plaintiff, and judgment was rendered accordingly, from which, and the order refusing a new trial, the defendant appeals.

The first error assigned is that the findings of the referee are contrary to the evidence. We have examined the evidence carefully and find it very conflicting, especially upon the main question, whether there was an express warranty. We do not think it presents such a case as would justify us in setting aside the findings of the referee, who heard the witnesses testify, and is therefore better able to judge of the weight which their testimony is entitled to.

The next error assigned is that the report of the referee was not filed within ten days after the testimony was closed, as required by Sec. 187 of the Practice Act. The testimony was closed July 23d, and the report was not filed until September 5th. This provision, as to the time within which the referee must file his report, we regard as merely directory; and a failure to file within the time prescribed cannot have the effect of invalidating the report or the judgment rendered thereon. No such consequences are declared by the statute. (*Vermule* v. *Shaw*, 4 Cal. 214.)

The judgment is affirmed.