[No. 4,411.]

## McQUILLAN v. DONAHUE.

WRITTEN DECISIONS.—Section 632 of the Code of Civil Procedure, which provides that "upon the trial of a question of fact by the Court its decision must be given in writing and filed with the Clerk within twenty days after the cause is submitted for decision, and unless the decision is filed within that time the action must be tried again," is directory merely.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The action, which was ejectment, was tried by the Court without a jury, and having been submitted on the 19th day of January, 1874, the Court on the same day decided orally in favor of the plaintiff. No decision in writing was ever given or filed. June 1, 1874, the defendant moved upon affidavit (due notice having been given the plaintiff) to place the cause upon the calendar to be tried again. The motion was denied, and the defendant appealed.

*J. E. McElrath,* for Appellant.

Section 632 of the Code of Civil Procedure is not directory, but mandatory. It is true that statutes directing an act to be done within a given time are generally held to be directory, but not so when a consequence is attached to a failure to comply with the statute. (*Shord* v. *Randall,* 15 Cal. 384.) No judgment can be entered in cases tried by the Court unless there is a decision signed by the Judge. It is intended that his decision shall answer the place of the verdict of the jury, for in section 633 the statute says: "judgment upon the decision shall be entered accordingly." The decision alluded to is the written decision mentioned in section 632. There was no such decision. How then could judgment be entered?

We rely upon *Russel* v. *Amador,* 2 Cal. 305, as a case directly in point.

*Hall McAllister,* for Respondent, argued that the requirement of the statute was merely directory.

Mr. Chief Justice WALLACE, speaking for the Court, said:

We are of opinion that this provision of the statute is directory merely.

Judgment. affirmed.