WILLIS NORTON v. ANDREW J. HUNTOON.

1. SUPREME COURT — *Former Decision not Reviewed.* Where a cause has once been reviewed in the supreme court on error, the judgment of the lower court modified and the cause remanded, *held*, that in the subsequent proceedings in said cause the former decision of this court will not be reviewed, but it is final and conclusive.

2. REFERENCE — *Objection, Too Late.* Where a cause is referred by the district court to a referee to make certain findings and for an accounting, and no objection is made to such reference by either party, such reference is no ground of error.

3. REPORT — *Extension of Time.* Where a referee has been duly appointed, and a time fixed in which to make his report to the court, and before the expiration of such time, on the application of the referee, the time in which to make his report is extended, *held*, that the referee being an officer of the court, it is not error for the court, upon a sufficient showing, to extend the time for making such report.

*Error from Shawnee District Court.*

ACTION originally brought by *Andrew J. Huntoon* against the Capital Bank of Topeka and others, to set aside a certain sheriff's sale of a large number of lots in the city of Topeka, levied upon as the property of Joel Huntoon, and for other relief. Trial at the January term, 1884; judgment for the plaintiff. The defendants brought the case to the supreme court, where the judgment was remanded to the court below, with the order that the judgment rendered therein be modified, and for further proceedings in accordance with the views expressed in the opinion. (*Capital Bank v. Huntoon*, 35 Kas. 577, *et seq.*) The district court referred the questions of fact to be considered and answered. The referee's report was confirmed at the April term, 1887. *Willis Norton*, one of the defendants, brings the case here. Other facts are stated in the opinion herein.

*W. C. Webb*, for plaintiff in error.

*Wm. P. Douthitt*, and *C. M. Foster*, for defendants in error.

Opinion by CLOGSTON, C.: The principal complaint urged, as we deem it, is, that the supreme court in *Capital Bank v. Huntoon*, 35 Kas. 577, misunderstood the issues and facts in the original case, and by that means misdirected the court below to find the amount of taxes paid by the plaintiffs. The language of the court complained of is:

"If the judgments are not paid without sale, and the lots are again sold, then, after paying the costs, these taxes should be first paid out of the proceeds of the sale. What we have said in regard to taxes has reference to the tax-sale certificates and tax titles held by J. R. Mulvane, which were paid by the judgment creditors, and also the taxes which they have subsequently paid."

Now this language is unmistakable in terms, and could not mislead the court below. It included all of the taxes of every kind paid by the plaintiffs after the purchase of these lots, in-

cluding taxes, tax certificates and tax titles; and the referee found the taxes due and to be paid by Huntoon, and to be a lien upon the lots, in exact accordance with the language of this decision. A motion was made after this case was decided in the supreme court for a rehearing, which was overruled. This decision is final and conclusive, and cannot be reviewed in this action. Then so far as the tax matters complained of in this action are concerned, no error was made by the referee, or by the district court in confirming said report.

As it appears by the record now, some of these taxes were liens created before the purchase of these lots at sheriff's sale, and belonged to J. R. Mulvane, one of the plaintiffs. Afterward these titles and taxes were distributed to the plaintiffs *pro rata,* according to the amounts of their judgments and the number of lots received as payments thereon. In the original case below the plaintiffs sought to recover a part of these taxes upon a part of the lots, and upon all the lots they had sold and disposed of they asked the court below to make findings of the amount of taxes of all kinds and character paid by them, and that they have credit for the sums so found. Again, in the hearing before the referee in this action, the parties produced their tax titles and tax liens, and submitted such evidences to the referee, and upon that evidence the referee found the amount of the taxes. There was no adjudication that those liens, or any of them, were void. There was no controversy in any of these actions as to the validity of the tax liens. They were submitted under a decision of this court for an accounting, and they were to recover and have the amount so found declared a lien upon the lots. This gave the plaintiffs all, it seems to us, that they were entitled to. They pretended to own the lots, and upon that claim purchased the tax titles thereon. Their title to the lots was afterward set aside, and they were allowed a full accounting for all taxes paid, and we think they ought not now to complain, after having submitted the evidences of such claims and liens to the referee in the accounting.

The plaintiff also insists that the district court erred in

sending the cause to a referee to hear and determine the questions of fact, no consent having been given by Willis Norton. The record fails to show that any exceptions were taken by the plaintiff to the reference of this cause. The referee was appointed and the reference had without objection. Plaintiff is in no condition to raise the question here for the first time.

The next allegation of error which we shall notice is, that the referee's report was not filed in time, and therefore void, and that the court erred in extending the time in which the referee was ordered to make his report. The report was filed in time, as shown by the record, if the court had power to extend the time in which to make the report. The original time fixed for making the report was March 31, 1887. On the 30th day of March, on application of the referee, the time in which to make his report was extended until the 20th of April. On the 18th day of April, on application of the referee, the time was again extended, until April 30th; and on the 28th day of April the report was duly filed. We think the court committed no error in extending the time, as the referee was an officer of the court, and if it became necessary that further time be granted, we see no reason why the court might not extend it. True, these applications were made by the referee, but there seems to have been no objection made thereto by any of the parties. As far as the record shows, it was entirely agreeable to the parties.

Much is said by the plaintiff in error in relation to the tax titles held by John Norton, which were issued upon tax certificates taken out by Mulvane and transferred to Willis Norton, and by Willis Norton transferred to his brother, John Norton. John Norton was not a party to these proceedings. As far as this record shows he had nothing to do with the matter in any form. How it came that the tax titles he held were submitted to the referee, we are at a loss to know, but the plaintiff in error did submit them. The referee had no power to determine whether those tax titles were good or bad, or whether John Norton was the legal holder or not. They were submitted to him, and could have been submitted to him but for

one purpose, and that was for the purpose of determining the amount of taxes paid thereon by the plaintiff, and for which a lien was to be given him upon the lots. If John Norton held tax titles independently of this transaction, and not connected with it, the finding of the referee and decision thereon would not disturb his rights, he not being a party to the suit.

We think the judgment of the court in 35 Kas. 577 fully settles the main issues and errors complained of, and we therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.