JESSE L. SHORE *et al.* v. THE WHITE CITY STATE BANK.

**No. 11,374.**   (59 Pac. 263.)

1. PRACTICE, DISTRICT COURT—*Consolidation of Actions.*   Cross-actions between plaintiffs and defendant were consolidated by an order of the district court, the record of which showed no appearance by either party, nor any objection or exception.   *Held,* that all presumptions being in favor of the rulings of the court below, due notice of the application to consolidate will be presumed, and that all objections to the order were waived.

2. ———— *Reference.*   The pleadings examined, and the matters in controversy held to be proper subjects for reference.

3. ———— *Estopped from Objecting, by Stipulation.*   An agreement was made in writing by counsel, authorizing the court, or judge, to extend the time for the referee to report, with a condition that the plaintiff waived nothing by the stipulation.   *Held,* that the condition was repugnant to the authority given for the extension of time, and that the party could not thereafter complain that the report of the referee was not filed within the time fixed by the original order.

Error  from  Morris  district  court;   O. L. MOORE, judge.   Opinion filed December 9, 1899.   Affirmed.

STATEMENT.

ON January 29, 1896, the plaintiffs in error commenced an action in the district court against the

Shore v. Bank.

defendant bank, alleging in the first count of their second amended petition that theretofore they had executed to the bank certain chattel mortgages on certain growing wheat, farming implements, horses and cattle ; that the horses included three high-bred animals of great value for breeding purposes, worth $1000 each; that all the property was worth in the aggregate over $15,000 ; that an oral agreement was entered into between the parties to the mortgage that plaintiffs below should have the right from time to time to sell so much of said personal property as might be necessary to pay the debts due the mortgagee ; that defendant below, after the mortgages matured, refused to take the mortgaged property and sell same and apply the proceeds to the payment of its debts, and refused to permit plaintiffs to dispose of the same ; that the value of the property was $11,818.52 more than the amount due from plaintiffs to the bank ; that the bank, after the maturity of the mortgages, assumed control and direction and practical possession of the property, but refused to offer the same for sale, but filed affidavits in renewal of its mortgages, falsely stating the amounts due thereunder.

In July and February, 1894, wrongfully, and in violation of the previous agreement that the mortgagors might sell a portion of the stock on the market to the best advantage, the bank advertised the property for sale under its mortgage at public sale, and bid the same in at said sale in such manner as caused it to bring only a small proportion of its actual value ; that the property was sold in such large lots as to shut off bids from small buyers ; that after bidding in all of said property at said sale it immediately removed and disposed of the same soon thereafter, placing the same beyond the power of the plaintiffs

to redeem, and, after doing so, fraudulently failed and refused to give the plaintiffs credit for the reasonable and actual value of the property, which value was $8600, but credit was given for $4139 only.

In the second count the petition avers that in the month of November, 1892, plaintiffs were the owners of thirty head of thoroughbred Shorthorn bulls, one and two years old; that said bulls were bred and intended for sale for breeding purposes, and were chiefly valuable for such uses; that their market value was $100 each, an aggregate of $3000; that said animals were included in the chattel mortgages mentioned; that in November, 1892, the defendant bank, against the will of plaintiffs, arbitrarily and wrongfully, without first selling said bulls, took possession of and castrated the same, destroying their value for breeding purposes, by which their value was decreased to twenty dollars per head, whereby plaintiffs were damaged in the sum of $2400. The prayer of the amended petition was as follows:

"Wherefore plaintiffs pray that the defendant be required to fully and fairly account to them for the value of the property so sold, less whatever sum plaintiffs legally owed at that time to the defendant, and that plaintiffs recover of said defendant their damages for the wrongful castration of said bulls aforesaid, and for the difference between the actual value of said stock and property at the time of said pretended sale, and the amount for which the plaintiffs were given credit by the defendant; and that said indebtedness be canceled, and that plaintiffs recover judgment against said defendant as aforesaid for the sum of $6861 and costs of suit."

On the day following the commencement of said suit by the plaintiffs, the White City State Bank brought an action in the same court against Jesse L. Shore and his wife, Maggie L. Shore, to recover on

twelve promissory notes executed by them to the bank, aggregating in amount $3127.27. For their answer to the petition filed by the bank, Jesse L. Shore and wife answered, first, by general denial, and second, alleging that all of the notes sued on by the bank were renewals of former notes given by them to the bank; that they had been charged by, and paid to, the bank, in notes and money, sums grossly in excess of the amount then claimed to be due; that the cash payments alone, prior to the date of the notes sued on, aggregated a sum greater than all of their indebtedness to the bank, and that the notes sued on were without consideration. Attached to the answer as exhibits are copies of eighty-two notes which had been paid in money and by renewals; that by reason of the same, and of usurious interest paid, the defendants were entitled to a credit on the claims of the bank to the amount of $5000. The prayer of said answer is:

"Wherefore the defendants ask judgment canceling said notes and for $1872.43, being the difference between plaintiff's claim and defendants' above set-off or counter-claim, and for costs."

For reply to this answer, the White City State Bank, plaintiff below, first denied generally all its allegations, and, second, alleged that on January 29, 1896, the Shores brought an action for the same cause set forth in their second defense set out in their answer, which action was pending and undetermined.

While the cases were standing thus upon the pleadings, an order of consolidation was made by the court. The journal entry of the same is as follows:

"Jesse L. Shore, *Plaintiff*,
    v.                                    } Gen'l No. 4178.
The White City State Bank, *Defendant*.

"On this, the 15th day of March, 1897, at the regular March term, 1897, in open court it was considered

and ordered that the above-entitled actions, general numbers 4181 and 4178, be and the same are hereby consolidated; that the petition in the case of The White City State Bank v. Jesse L. Shore and Maggie J. Shore, in case No. 4181, shall be regarded and taken hereafter as the petition in the consolidated case, and that the second amended petition in case No. 4178, being entitled Jesse L. Shore v. The White City State Bank, shall be taken as and regarded as the answer and set-off in the consolidated case, and that the plaintiff, The White City State Bank, be given five days from this 15th day of March, 1897, in which to plead or reply, and this cause is continued until the next regular term of this court.''

On March 19, 1897, the White City State Bank filed its reply and answer to the second amended petition of the Shores (which had in the order of consolidation been ordered by the court to be taken as the answer and set-off in the consolidated case), in which it made a general denial of the allegations of the second amended petition, and further averred that the alleged cause of action contained in the second paragraph of the same was barred by the statute of limitations.

Thereafter the White City State Bank filed an application in the consolidated actions Nos. 4178 and 4181, stating that for a complete determination of the rights of the parties plaintiff and defendant it would be necessary to have the business transactions between plaintiff and defendants, covering the time mentioned in the petition and answer, examined, causing a great many calculations of interest and discount to be made, and praying for an order of reference, that a full and complete accounting might be had between plaintiffs and defendant. Thereafter this application was sustained, and the consolidated cases referred, with directions to the referee to report on the law and facts, to which order Jesse L. and Maggie J. Shore excepted,

and demanded a jury trial. The report was ordered to be filed by February 1, 1898. On January 28, 1898, the parties entered into a stipulation that the district court, or judge, might extend the time for the referee to report until March 1, 1898, without prejudice to the rights of the Shores. The time was extended by the judge at chambers until March 1, in accordance with the written agreement.

The referee filed his report within the time granted, rendering judgment in favor of the bank for $3893.25. On the same day the Shores filed a motion for a new trial and fifteen days later filed exceptions to the report and moved to set the same aside, together with the order of reference, and asking that the cause be set down for trial before a jury; and again, on June 30, 1898, Shore and wife filed a motion to set aside the referee's report, for the reasons that the same was not filed in time, and because no notice was given of the time the report would be filed in time for the preparation of a bill of exceptions. The report was confirmed by the court, and judgment entered in conformity therewith.

*I. O. Pickering*, and *H. L. Burgess*, for plaintiffs in error.

*E. S. Bertram*, and *M. B. Nicholson*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The objection that the order of consolidation was improperly made is not available to the plaintiffs in error. While the court probably erred in consolidating the two actions, yet we cannot say that plaintiffs in error were not fully notified of the action of the court, and, in fact, we cannot presume

that they were not present when the order was made. While the statute (Gen. Stat. 1897, ch. 95, § 145 ; Gen. Stat. 1899, § 4395) provides that a consolidation can only be ordered on application of the defendant in actions which might have been joined, after notice to the adverse party to show cause, the record before us does not show any objection on the part of the plaintiffs in error to the action of the court. We cannot presume that the court erred in making the order. All presumptions are in favor of the validity of judgments, orders and proceedings of a court of general jurisdiction. (*Towne v. Milner*, 31 Kan. 207, 1 Pac. 613 ; *Buettinger v. Hurley*, 34 id. 585, 9 Pac. 197 ; *Town of Le Roy v. McConnell*, 8 id. 273 ; Lawson, Pres. Ev. 36.) In the last case cited the court said : ''All presumptions are in favor of the rulings of the court below, and this presumption is not removed by any number of possibilities.'' In Elliott on Appellate Procedure, section 710, the author says :

''The rule that all reasonable presumptions and intendments will be made in favor of the rulings of the trial court is one of the best settled and most frequently applied rules in appellate procedure. The rule rests on a firm foundation. It is supported by the elementary principle that official acts are presumed to be rightfully performed. But when it is brought to mind that a court acts impartially, upon full information and with calm deliberation, the foundation of the rule stated will at once be perceived to be broader and stronger than that which underlies the rule supporting the acts of ministerial or executive officers.''

Alleged errors in the progress of a trial, not excepted to, are deemed to be waived, and will not be considered in this court. (*Crowther v. Elliott*, 7 Kan. 235.) It will be noticed that the order of consolidation was made and entered of record on March 22, 1897,

and no objection to the order appears anywhere until March 15, 1898, after a trial had before the referee, at which all parties appeared.   The first objection by plaintiffs in error to the consolidation was in their motion to set aside the report of the referee, and this after they had filed a motion for a new trial.   From the recitals in the record and the conduct of the parties, all objections to the consolidation must be deemed waived.

We think the consolidated actions were properly referred.   The second amended petition filed by plaintiffs in error against the bank, as we understand its allegations, was not an action in tort except as to the matters set up in the second count.   If the Shores owed the bank an amount equal to the value of the personal property mortgaged which could only be determined by an accounting, then there was no cause to complain of the action of the latter for taking possession and disposing of the property.   The prayer of the second amended petition asked for an accounting. The plaintiffs below prayed "that the defendant be required to fully and fairly account to them for the value of the property so sold, less whatever sum plaintiffs legally owed at the time to the defendant."   The dealings between the parties involved transactions running over the space of ten years.

The second cause of action was founded in tort, but the same was barred by the statute of limitations. This is shown on the face of the amended petition. The wrong was committed in November, 1892, and the action was commenced January 29, 1896.

There is no merit in the contention that plaintiffs in error had no notice of the filing of the referee's report.   They filed a motion for a new trial ten days before the referee's report was filed.   They also en-

tered into a stipulation authorizing the court, or judge, to extend the time for the referee to report. The condition at the bottom of the stipulation that the plaintiffs in error waived nothing by it was inconsistent with the grant of power to the court to extend the time. Parties cannot be thus inconsistent. The agreement that the court or judge might make an order estopped the parties so agreeing from denying the legal right of the court to do what they had stipulated. Nor can they say that the condition in the stipulation does not refer solely to the objections by plaintiffs in error to the order of reference, limiting the effect of the agreement in respect to such order only.

The judgment of the court below will be affirmed.