SPROULL v. STAR CO.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

REFERENCE—TERMINATION—AGREEMENT TO ALLOW REFEREE ALL TIME NEEDED TO REPORT.

When an oral agreement is made, at the close of testimony taken before a referee, to allow him all the time he requires to make his report, the reference cannot be terminated under Code Civ. Proc. § 1019, providing that, where the referee's report is not filed within 60 days, either party may serve a notice upon the other that he elects to end the reference.

Appeal from special term, New York county.

Action by James A. Sproull against the Star Company. From an order confirming report of a referee (56 N. Y. Supp. 1001), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Isaac N. Miller, for appellant.

M. S. Guiterman, for respondent.

O'BRIEN, J. Upon the application of the defendant, an ex parte order was granted requiring the plaintiff, as a nonresident, to give security for costs. A motion was thereafter made by the plaintiff to vacate said order, on the ground of irregularity and as against the facts. The justice holding special term, on the consent of the parties, made an order of reference to take testimony, and report the same to the court, regarding the plaintiff's residence. The tes-

timony was taken before the referee, and finally submitted; and, he not having made his report within 60 days, the plaintiff, by virtue of section 1019 of the Code of Civil Procedure, served a notice terminating the reference. Subsequently a notice of motion to confirm the report was given, and upon the hearing the report was confirmed by the justice then sitting at the special term,—the former justice, who had made the order of reference, having in the meantime retired from the bench,—and it is from the order thus made that this appeal is taken.

The contentions that a justice other than the one who had originally made the order of reference confirmed the report, and as to the papers to be used upon the motion to confirm the report, were correctly disposed of in the opinion of the court below, as was also the question as to the effect of the plaintiff's notice terminating the reference. This last is the only point which requires discussion.

The affidavit of the defendant's attorney, as well as that of the referee, shows that at the close of the testimony the counsel for the parties stipulated to allow the referee to have all the time he required to make his report. This is denied by the plaintiff's attorney, but, in view of the preponderance in favor of the conclusion reached by the court below that such an oral stipulation was made, we must take that as true. The question, therefore, presented is whether the failure to have such a stipulation in writing as required by rule 11 of the general rules of practice is fatal. This question is not new, it having been held in Ballou v. Parsons, 55 N. Y. 673, as stated in the syllabus:

"When an oral agreement is made in open court upon trial before a referee upon final submission, extending indefinitely the time within which the report may be delivered, the reference cannot be terminated in the manner provided by section 273 of the old Code. It seems that in such case the proper practice, in order to terminate the extension, is to serve notice upon the opposite party and the referee that, unless the report is made within the specified reasonable time, the reference will be deemed ended."

This is direct authority, for the reason that section 273 in the old Code is re-enacted in section 1019 of the present Code of Civil Procedure.

We think, therefore, that the disposition made of the motion by the court below was right, and that the order appealed from should be affirmed, with costs.

BARRETT, RUMSEY, and PATTERSON, JJ., concur. VAN BRUNT, P. J., concurs upon last ground.