1. REFEREE'S REPORT—DELAY IN MAKING—VALIDITY.
Code Civ. Proc. § 1019, provides that, in case of a referee's failure to report within 60 days after the submission of the cause to him, either party may serve notice on the other that he elects to end the reference, and the action must thenceforth proceed as if no reference had been. *Held*, that a referee's report should be set aside, which was not filed for more than 2 years after final submission, and after service of notice electing to terminate the reference.

2. SAME—FILING OBJECTIONS—WAIVER.
A party did not waive his right to insist on the invalidity of a referee's report by filing objections thereto.

In the matter of the estate of Mary E. Santos, deceased. Motion by Robert J. Gailhard to set aside a referee's report. Granted.

George Albert Wingate, for executor.
F. K. Clark, for contestant.

THOMAS, S. The contestant, Robert J. Gailhard, moves to vacate and set aside the report of the referee on the ground, among others, that the report was not filed until more than 60 days after the final submission, and after service of a notice electing to ter-

minate the reference, pursuant to section 1019 of the Code of Civil Procedure, made applicable to this court by section 2546. The order of reference was made December 2, 1897. Hearings were commenced in January, 1898, and continued until April 6th of that year, when a further objection was offered and received by the referee. Robert J. Gailhard protested against the reception of this new objection; contending that it created an issue not referred to the referee, and which he had no jurisdiction to try. This objection being overruled, the counsel for Robert J. Gailhard withdrew from the hearing, and all subsequent proceedings were had without his presence. Thereafter the hearings were continued until May 4, 1898, at which time the testimony was closed, and an order was entered upon the minutes to the effect that briefs were to be submitted on or before May 31, 1898. No briefs were submitted on or before the designated date, but counsel for the executor sent a brief to the referee in the latter part of October, 1898, and counsel for the other parties in interest also sent a brief to him about December 23, 1898. It does not appear that any order was ever made by the referee extending the time for the submission of briefs, or that counsel for the contestant was notified of any application for such extension, or that he consented thereto, or that he was notified that any extension was granted, or that he was informed that any briefs had been submitted, until after February 21, 1899, on which day the contestant served a notice to the effect that he elected to terminate the reference. On February 23, 1899, Charles H. Gailhard, one of the parties in interest, died; and his widow, Georgiana N. Gailhard, having procured probate of his will, and the issuance of letters testamentary thereon to herself, an order was applied for, on the consent of the parties in interest, other than Robert J. Gailhard, reviving the proceeding, and making her a party thereto, and directing "that the referee make his report from the objections and testimony already taken before him, and that he report to the court with all convenient speed." The fact that the reference had already been terminated by the notice of Robert J. Gailhard, and that he was not a consenting party to the order, was not disclosed to the court, and the order was signed and entered. "Convenient speed" sufficed to procure the making and filing of the report on February 1, 1900; about 21 months after the last testimony had been received. The delay was grossly excessive, and the receipt of briefs by the referee, under the circumstances recited, did not extend the time of the final submission, or deprive the notice of election to terminate the reference of its full force and effect. Patterson v. Knapp, 83 Hun, 492, 32 N. Y. Supp. 32. The contestant did not waive his right to insist on the utter invalidity of the report by filing objections to it. It was competent for him to insist that the report was erroneous, as well as without legal effect because of failure of jurisdiction to make it. The two positions supplemented each other, and were not inconsistent.

The motion to vacate so much of the order of May 24, 1899, as assumes to authorize the making of a report, and to vacate and set aside the report of the referee and all proceedings on the reference, is

granted. This determination requires the denial of all fees to the referee. The stenographer will be paid from the fund at the stipulated rate of 35 cents per folio, for 372 folios, which I determine from the minutes themselves to be their extent, amounting to $130.20. No costs will be allowed to any of the parties, other than costs to the executor for preparation of his account. The executor admits that his account should be surcharged with $192 received by him for interest, and the agreement of the parties fixes their shares in the fund. The question as to whether any commissions should be allowed to the executor will be determined at the time of the settlement of the decree for the final distribution of the estate. Decreed accordingly.