ties had been thus changed. Moreover, the learned trial court excluded all evidence offered by defendant tending to show that he acted in good faith, under a claim of right, and with the knowledge and consent of the plaintiff. This, we think, was error; for, had he been allowed to prove that the plaintiff at the time of the surrender agreed that he might continue cutting under his agreement with them, he would thereby have become a licensee of the plaintiff to that end, and no action could have been maintained against him for anything done by him while such license remained unrevoked. The jury were charged by the trial court that they were to determine whether the defendant acted in the belief that he owned the property, and were assured that, if he believed he had a right to do this, he could not be held for treble damages. No finding was made touching this question, but a general verdict of $200 was returned. As above suggested, it is impossible to determine from the evidence whether this verdict was based upon the acts of defendant after the license to cut had been revoked, or included, also, the cutting during the time the defendant was a licensee for that purpose; but the court nevertheless trebled the damages found by the jury, and directed a judgment for $600. This, also, we think was error.

For these reasons, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur; PARKER, P. J., in result.

———

(70 App. Div. 413.)

AGRICULTURAL INS. CO. v. DARROW et al.

(Supreme Court, Appellate Division, Fourth Department. March 11, 1902.)

1. ACTIONS—DEATH OF ATTORNEY—STAY OF PROCEEDINGS—REFEREE — DELIVERY OF REPORT.

Forty-three days after an action was tried and submitted to the referee, one of defendant's attorneys died; the other being insane. Four days thereafter plaintiff's attorney served notice of such death and disability on defendant, and to appoint another attorney. Thirteen days thereafter the referee delivered his report to plaintiff's attorney. Code Civ. Proc. § 65, provides that, if an attorney dies or becomes otherwise disabled at any time before judgment, no further proceedings shall be taken in the action against his client until 30 days after notice to appoint another attorney has been given. Section 1019 requires a referee to file with the clerk, or deliver to an attorney of the parties, his report, within 60 days from final submission. *Held*, that the mere delivery of the referee's report within the time prescribed by section 1019 was not such a step in the action against the defendant as section 65 was intended to prohibit, and judgment entered thereon should not be set aside.

2. SAME.

Where the report of a referee was delivered to plaintiff's attorney 17 days after the death of defendant's attorney, and 13 days after notice to appoint another attorney was served on defendant, but nothing was done pursuant to such report until after the expiration of the 30 days from such notice, during which proceedings against defendant were stayed by Code Civ. Proc. § 65, and after an attorney had been substituted, the actual delivery of the report may be said to have been after the expiration of such 30 days.

3. SAME—TIME OF DELIVERY—EFFECT.

Though the report of a referee is filed or delivered more than the 60 days after the case is submitted, during which the referee is required

to file his report by Code Civ. Proc. § 1019, the report is effective against the party who had not sought to terminate the reference.

4. SAME—IRREGULARITY—WAIVER.
   Where the report of a referee was delivered to plaintiff's attorney after the death of defendant's attorney, and within the 30 days during which proceedings were stayed by Code Civ. Proc. § 65, such delivery was merely an irregularity; and, if defendant's substituted attorney did not promptly object, he could not object on that ground to the judgment thereafter entered.

Appeal from special term, Jefferson county.

Action by the Agricultural Insurance Company against Alexander H. Darrow and another. From an order setting aside the report of the referee, and judgment entered thereon, plaintiff appeals. Reversed.

Argued before McLENNAN, SPRING, HISCOCK, and DAVY, JJ.

A. H. Sawyer, for appellant.
C. H. Walts, for respondents.

SPRING, J. This action was brought by the plaintiff, a fire insurance corporation, to recover of the defendants, who were its agents in Chicago, Ill., premiums upon policies of insurance which it is alleged had been withheld. Upon the stipulation of the attorneys for the respective parties, an order was entered November 9, 1900, referring the issues to a referee for trial. The action was tried and finally submitted to the referee April 8, 1901. The firm of Porter & Porter represented the defendant Cummings, who alone answered. Judge Porter, the senior member of that firm, died May 21, 1901; and his copartner was at that time in an asylum, mentally incompetent, and in the month of June following was adjudged to be of unsound mind. On the 25th of May the plaintiff's attorney, by notice in writing, advised the defendant Cummings of the death of Judge Porter, and of the disability of the other member of the law firm, and notified the defendant to obtain another attorney to act in his behalf in this action. Walts & Pitcher, by order of the special term entered on the 8th day of July, 1901, were substituted as the attorneys for the defendants, at their request. On the 7th day of June the referee delivered his report to the attorneys for the plaintiff, directing that judgment be entered in its favor for the sum of $1,106.97. Nothing was done pursuant to this report until after the substitution of the attorneys for the defendants, and judgment was thereupon entered July 18, 1901.

The contention of the respondents is that upon the death of Judge Porter, as his partner was mentally incompetent, all proceedings were stayed by section 65 of the Code of Civil Procedure, and the delivery of the report was in violation of this section. The section reads as follows:

"If an attorney dies, is removed or suspended, or otherwise becomes disabled to act, at any time before judgment in an action, no further proceeding shall be taken in the action, against the party for whom he appeared, until thirty days after notice to appoint another attorney, has been given to that party, either personally, or in such other manner as the court directs."

The referee was required to file with the clerk or deliver to the attorney for one of the parties his report, within 60 days from the final submission of the case. Code Civ. Proc. § 1019; Little v. Lynch, 99 N. Y. 112, 1 N. E. 312; Russell v. Lyth, 66 App. Div. 290, 72 N. Y. Supp. 615. It was important for the referee to comply with this requirement, or perhaps lose the fees which he had earned. The object of section 65 is to hold all proceedings in the action "against the party" in abeyance after the death of his attorney for the period of 30 days, to enable him to employ another attorney. It is a salutary safeguard for the protection of a party whose attorney has died or become disqualified, but where the referee who tried the case files or delivers his report pursuant to another section of the Code, and nothing further is done during the inhibited time, we apprehend there is no transgression of the spirit of section 65. No harm can result to the defeated party unless some proceeding is taken in behalf of the successful party. The referee may live at a distance from the litigants or their attorneys, who may not be aware of the death or disability which stays the proceeding, and may innocently cause his report to be filed or delivered, and we apprehend this is not such a step in the action as the statute was intended to prohibit. In Bank v. Foltz, 13 App. Div. 603, 43 N. Y. Supp. 985, relied upon by the counsel for the respondents, the decision of the trial judge was followed up by a supplemental decision, and judgment of foreclosure and sale entered, and the premises sold, all without any notice to the party defeated, whose attorney had been disbarred, and no substitution made. In that case there was a persistent course of proceeding in disregard of the section quoted, and to the manifest damage of the defendant. In each of the other cases where it has been held that the statute was violated there was an explicit affirmative act on the part of the attorney to progress the action.

If we are in error in the foregoing conclusion, we believe it may well be said that the actual delivery of the report was after the lapse of 30 days, during which the proceedings were stayed. It was so treated by the attorney for the plaintiff, and the delivery, even after the 60 days given the referee to make and render his report, would be effective against the party who had not sought to terminate the reference.

At best, if there was a technical disregard of section 65 of the Code in delivering the report, it was a mere irregularity, and 10 days elapsed after attorneys for the defendants had been substituted upon their request before judgment was entered. These attorneys must have known that 60 days had long expired since the final submission of the case, and they should have proceeded at once, if they expected to end the reference or impeach the delivery of the report. They cannot be permitted to remain quiet until after the entry of the judgment, and then claim that all the proceedings were annulled by the action of the referee in delivering the report. The order should be reversed, with $10 costs and the disbursements of this appeal, and the motion to set aside the report, judgment, stipulation, and order of reference denied, with $10 costs.

The order is reversed, with $10 costs and the disbursements of this appeal, and the motion to set aside the report, judgment, stipulation, and order of reference is denied, with $10 costs. All concur.

---

(70 App. Div. 376.)

### SMITH v. FIRST NAT. BANK OF CUBA.

(Supreme Court, Appellate Division, Fourth Department.  March 11, 1902.)

LIMITATIONS—USURIOUS TRANSACTION—TIME OF OCCURRENCE.

> Where one discounts at a bank his own note, or one made for his benefit, receiving the amount of its face, less discount, which includes usury, the usurious transaction does not occur till he pays the note; but where he, on getting a renewal, pays the discount therefor, including usury, it then occurs, within Rev. St. U. S. § 5198, allowing action for recovery of usury taken by a national bank within two years from time the usurious transaction occurred.

Appeal from trial term, Allegany county.