## PERKINS v. ROBERTS COUNTY (MARVICK et al., Interveners).

Code Civ. Proc. § 287, providing that referees must file with the clerk their report within 20 days after the case is finally submitted, is directory only, and failure to file the report within the time limited does not terminate his jurisdiction.

(Opinion filed March 22, 1911.)

Appeal from Circuit Court, Roberts County. Hon. J. H. BOTTUM, Judge.

Action by John C. Perkins against Roberts County, South Dakota, wherein Andrew Marvick and another intervened. From an order rejecting and refusing to confirm the report of a referee, plaintiff appeals. Reversed and remanded.

*J. J. Batterton* and *Howard Babcock,* for appellant.

The statute providing that the court or the referee must file his report within a certain limited time is merely directory, and failure to file within that time will not invalidate the report or a judgment founded thereon. Kellar v. Sutrick, 22 Cal. 471; Broad v. Murray, 44 Cal. 228; McQuillen v. Donahue, 49 Cal. 157; Emerson v. Bigler, 21 Mont. 22; Livingston v. Gidney, 25 How. 1. "After a report has been made, although not within the prescribed time, the parties cannot proceed as if no reference had been ordered, if they have not in some way objected to the delay. Mantal v. Myles, 25 How. 409; Livingston v. Gidney, supra; Foster v. Byron, 16 Abbott, 396, 26 How. 164; Johnston v. Day,

2 N. D. 296. Where a statute directs the doing of a thing in a certain time without any negative words restraining the doing of it afterwards, the provision as to time is directory, and not a limitation of authority. Pond v. Negus, 3 Mass. 232; People v. Allen, 6 Wend. 486; People v. Peck, 11 Wend. 604; People v. Holley, 12 Wend. 481; Re Heath, 3 Hill, 42; People v. Cook, 14 Brb. 290, 8 N. Y. 67; Barnes v. Badger, 41 Brb. 98; Mead v. Cale, 2 Denio, 232; Dawson v. People, 25 N. Y. 399; People v. Board of Police, 46 Hun. 296.

*J. W. Barrington* and *R. O. Pearson,* for respondents.

Statute governing the time of the report of the referee is mandatory: Davis v. Caldwell, 69 N. W. 1037; Goodale v. Case, 32 N. W. 414; Clark v. Bank of Hennessey, 79 Pac. 217; Hills v. Passage, 21 Wis. 294; 34 Cyc. 832.

SMITH, P. J. Plaintiff, who is appellant here, brought an action in the circuit court of Roberts county to recover $1,368.75 alleged to be due him as clerk of court for the years 1900, 1901, and 1902, as a balance of salary, fees, and compensation fixed by statute. Defendant answered alleging a complete settlement and adjustment of plaintiff's claim, and pleading a counterclaim. Hon. L. W. Crofoot was appointed referee to try and determine the issues in the action. The order of reference was made on November 22, 1904. A trial was had before the referee in January, 1905. On May 26, 1905, plaintiff served his brief and written argument upon defendant's attorneys, and on June 3, 1905, defendant's attorneys served brief and written argument upon the plaintiff's counsel. June 14, 1909, a little more than four years later, the referee filed his findings and decision in the office of the clerk of court, awarding plaintiff a recovery of $1,200.79 with interest. Upon the filing of the report, defendant interposed exceptions thereto on numerous grounds, only one of which is material to the question presented on this appeal. This exception is as follows: "Defendant excepts to the proposed report and findings of fact and conclusions of law on the ground that the referee has no jurisdiction to make, sign, or return the same, and that he has lost jurisdiction for the reason that the same were not made and

filed in the time provided by section 287 of the Code of Civil Procedure." The report of the referee and objections thereto were brought on for hearing, and on October 11, 1909, the circuit court made an order rejecting and refusing to confirm the report of the referee, upon the sole ground, as stated in its order, that "the referee did not make or file his report within the time provided by law, or within 20 days after the said case was submitted to him, and the time to make and file said report was never extended by consent of the parties or the order of the court or judge; that at the time said report was made and filed the said referee had no jurisdiction to make and file the same." Section 287, Code of Civil Procedure, is as follows: "The referees must make and file with the clerk of courts their report within twenty days after the case is finally submitted. But the time may be extended by the consent of the parties or by order of the court or judge." It appears from the recitals of the order made by the court at the hearing that the trial judge upon affidavits and records before him finds that the time for making and filing the report was never extended by consent of parties or an order of the court or judge. We see no reason for questioning the finding that the time for filing the report was not extended by consent of parties ,and it stands conceded that no order of the court or judge was made extending the time.

The only question before us is whether the jurisdiction of the referee was terminated by his failure to file his report within the 20 days provided by statute. Appellant contends that the provision of section 287, Code of Civil Procedure, requiring the report to be filed within 20 days, is directory only, and that the failure of the referee to file his report does not terminate his jurisdiction. It is respondent's contention that this statute is in its terms mandatory, and that under its provisions the time for making the report "may be extended by the consent of the parties or by order of the court or judge," and not otherwise. Appellant contends that the statute limiting the time within which the report of the referee must be filed was enacted for the benefit of the parties to the suit, and, if they had not in some way objected to

the delay prior to the filing of the report, they should be deemed to have waived any objection thereto; that the statute itself contains no negative words restraining the filing of the report after the time prescribed, nor declaring that the act of the referee is void after that time, nor is any penalty whatever imposed for a violation of this provision of the statute. It is contended that a distinction should be made between statutes which fix the time, and statutes under which the court by its order fixes the time of the report. Under some statutes, where the time is fixed by the order appointing the referee, this provision of the order is held mandatory. An early case, and one most frequently cited as authority for this rule, is De Long v. Stahl, 13 Kan. 558, wherein Justice Brewer uses this language: "The referee is an officer whose power and duties are created by the order of the court. If he go outside the limits of that order, his acts are void. When the time within which, by the terms of the order, he must act, has expired, his office has ceased and his powers are ended. Neither party is obliged to take any further notice of the reference. Here he was ordered to make his report by a specified time. When that time has passed without the filing of a report, his powers as referee were at an end, and any further action was as though no order of reference had ever been made. Nor did the confirmation of the report make valid that which was before void." This decision was followed by the Iowa court in Goodale v. Case, 71 Iowa, 434, 32 N. W. 414.

On the other hand, under statutes similar to ours it has been held that the time within which the referee is required to make his report is directory merely. In Keller v. Sutrick, 22 Cal. 471, the court says: "The next error assigned is that the report of the referee was not filed within 10 days after the testimony was closed as required by section 187 of the practice act. * * * This provision as to the time within which the referee must file his report we regard merely directory, and a failure to file within the time prescribed cannot have the effect of invalidating the report or the judgment rendered thereon. No such consequences are declared by the statute." In Emerson v. Bigler, 21 Mont. 200, 53 Pac.

621, the court says: "The defendant claims that the failure of the referee to file his report in court within the 10 days prescribed, by section 1139 of the Code of Civil Proc. invalidates the report and judgment rendered thereon, and that he is consequently entitled to a new trial. We think this section is directory only, and that the failure of the referee to file his report in 10 days did not entitle the defendant to a new trial. Keller v. Sutrick, 22 Cal. 471; McQuillan v. Donahue, 49 Cal. 157; Broad v. Murray, 44 Cal. 228. If the defendant for any reason had desired the report filed any sooner than the referee filed it, he should have applied to the court for the proper order in the premises." In Rhodes v. Williams, 12 Nev. 20, the court says: "Defendant objected on the hearing before the referee, and the appellant urges the objection here, that the authority of the referee to hear the case expired at the date when he was ordered to report. No authority is cited to sustain this proposition, and, according to our construction of the order of reference, that part of it which required the report to be filed within a certain time was not a limitation upon the power of the referee, but merely a direction to proceed expeditiously—a direction which he ought to have obeyed, and for neglecting which he might have been removed upon the application of either party. But as neither party demanded a revocation of his authority it continued in full force." In Nebraska it is held that the report of the referee will not be set aside because not filed within the time fixed by the order of reference. Dietrichs v. L. & N. W. Ry. Co., 13 Neb. 43, 13 N. W. 13. The Supreme Court of Ohio holds a similar statutory provision to be directory only. James v. West, 67 Ohio St. 28, 65 N. E. 156; Leyde v. Martin, 16 Minn. 38 (Gil. 24). In 34 Cyc. 832 it is said: "In some states by statute either party may, where the report is not filed or delivered within the time fixed by statute, serve a notice electing to end the reference, in which case the action must proceed as if no reference had been ordered; but, if neither party takes the necessary steps to terminate it, a report filed after the statutory time is valid"— citing Green v. Green, 69 N. C. 294; Maxwell v. Maxwell, 67 N. C. 383; Agricultural Ins. Co. v. Darrow, 70 App. Div. 413,

75 N. Y. Supp. 128; Matter of Robinson, 53 Misc. Rep. 171, 104 N. Y. Supp. 588; Cothran v. Knox, 17 S. C. 591. Under the New York statute it is held that, after notice has been given, all subsequent proceedings before the referee are a nullity. Matter of Santos, 31 Misc. Rep. 76, 64 N. Y. Supp. 572; Ballou v. Parsons, 52 How. Prac. (N. Y.) 164; Id., 55 N. Y. 673. And it is held that the time could be extended by the court or by stipulation of the parties. Norton v. Huntoon, 43 Kan. 275, 22 Pac. 565; Francisco v. Rowland, 14 Mo. App. 600; Clark v. Hennessey Bank, 14 Okl. 572, 79 Pac. 217; Shore v. White City State Bank, 61 Kan. 246, 59 Pac. 263; Sproull v. Star Co., 45 App. Div. 575, 61 N. Y. Supp. 404. In the case of Roblin v. Palmer, 9 S. D. 36, 67 N. W. 949, this court held the provision of section 276, Code of Civil Proc., which requires the decision of the court on questions of fact, to be filed with the clerk within 30 days after the cause is submitted for decision, to be directory only. It was so held in McQuillan v. Donahue, 49 Cal. 157; Broad v. Murray, 44 Cal. 228.

It seems to us that the statutes fixing the time within which courts and referees are required to file decisions were both framed with a view to expediting the determination of causes, rather than to limit the powers or jurisdiction of either courts or referees. And if we were required to hold that either party to a cause pending before a referee may remain inactive, and submit to a delay of years on the part of the referee without taking any steps either to compel a report or terminate the reference, and may wait until an adverse decision is rendered before objecting to the action of the referee, this court would lend its aid to delay, rather than expedite, the administration of justice. We believe the rights of litigants will be best subserved by holding the statute directory only.

The order of the trial court is reversed, and the cause remanded for further proceedings according to law.

McCOY, J., taking no part in the decision.