No. 22,637.

J. T. SUIT, *Appellee,* v. C. H. GIBSON, *Appellant.*

### SYLLABUS BY THE COURT.

1. TRIAL—*Qualification of Jurors.* A remark by a juror that the defendant's counsel would not let him sit in the case because he had joined in an adverse verdict in another case did not indicate prejudice against counsel or constitute misconduct on the part of such juror.

2. SAME—*Recovery of Money—Fraud—Instructions.* Under a clear charge of willful fraud it was proper for the court to instruct on the question of fraud.

3. SAME—*No Passion or Prejudice of Jury.* Nothing is found in the record to indicate passion or prejudice on the part of the jury.

4. REFERENCE—*Right to Have Reference.* The code provision (Civ. Code, § 299) for the appointment of a referee in cases involving accounts does not make such appointment mandatory, and it was not error to refuse such appointment in this case.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed April 10, 1920. Affirmed.

*S. J. Shively,* and *W. L. Joyce,* both of Paola, for the appellant.

*Alpheus Lane,* and *M. A. Lane,* both of Paola, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover an excess amount which he alleged he had paid on a promissory note covering a supposed indebtedness to a third party, and alleged that the defendant fraudulently represented that such indebtedness was larger than it was and that he permitted the defendant

to examine and check up the accounts between them, but that he falsely and fraudulently and for the purpose of cheating the plaintiff submitted statements evidencing the indebtedness. He also sued for damages for failure to release a chattel mortgage. The defendant filed an answer covering fourteen and one-half printed pages of the abstract, asking judgment against the plaintiff for $599.95 on account of various claimed items of indebtedness. The defendant filed an application for the appointment of a referee, alleging that the case would require the examination of long mutual accounts, citing section 299 of the civil code, and two decisions of this court. After a hearing his application was overruled.

The jury were instructed that fraud is never presumed, but must be proved by satisfactory evidence by the party alleging it; that if the defendant took advantage of the plaintiff and knowingly made misrepresentations to him about the amount of indebtedness and did so for the purpose of misleading and defrauding him, and the plaintiff relied thereon, he would be entitled to recover unless he learned of it more than two years before beginning the action. The jury found for the plaintiff in the sum of $613.15, and a motion for a new trial on sixteen grounds was overruled.

The defendant appeals, and assigns as error the refusal to appoint a referee, the ordering of judgment for the plaintiff, the denial of a new trial, and improperly charging the jury. The court reduced the amount to $260.70.

In his brief the defendant relies for reversal on the erroneous rulings and instructions of the court, the misconduct of the jury, passion and prejudice, refusal to appoint a referee and to grant a new trial. Taking these out of their order, the alleged misconduct of the jury consisted in the claim that one of the jurors stated that he knew the defendant's counsel would not let him sit on a jury "because he knew he would never get a verdict from me, he said something that he stuck it to Joyce once this term of court, . . ." It seems that this juror had sat in a previous case in which counsel was unsuccessful, and supposed for that reason he would not be permitted to act in another, but his version of the matter justified the court in deeming him a competent juror. The fact that he had already joined in an adverse verdict was as

well known to the counsel as to the juror, and he may have been more suspicious of counsel's regard for him than the facts warranted.

As to the instructions, it is argued that the court misquoted admissions as to certain credits, but we see no possible harm that could have arisen from this in view of the court's reduction of the amount of recovery.

Counsel state in their brief that the plaintiff made no charge of fraud other than of miscalculation, and find fault with the court for instructing on the ground of fraud, but the allegation already quoted from the plaintiff's petition shows that fraud was expressly charged, and, therefore, the instruction was properly given.

We have examined the instructions and find nothing therein amounting to prejudicial error. Neither is there anything to indicate passion or prejudice on the part of the jury.

Counsel contend that it was the duty of the court to appoint a referee over the objection of the plaintiff who had brought this action for the recovery of money. The code provides that any of the issues in an action may be referred upon the written consent of both parties, and where they do not consent, the court or judge may upon the application of either, or of its own motion, direct a reference, when the trial shall require the examination of mutual accounts, or when the account is long and on one side only, or where the taking of an account shall be necessary for the information of the court before judgment, or where a question of fact other than upon the pleadings shall arise upon motion or otherwise in any stage of the action. (Civ. Code, § 299, Gen. Stat. 1915, § 7199.) There is nothing in this language requiring the court to deprive one party of his right to a jury at the request of the other party, even when long accounts need to be examined in order to reach a decision. The cases referred to in the motion and counsels' brief are— *Shore v. Bank,* 61 Kan. 246, 59 Pac. 263; *Lapham v. Oil and Gas Co.,* 87 Kan. 65, 123 Pac. 863; *Bank v. Simpson,* 87 Kan. 121, 123 Pac. 767; and *Culbertson v. Cement Co.,* 87 Kan. 529, 125 Pac. 81. In the Shore case the pleadings were examined, and the matters in controversy held proper subjects for reference. In the Lapham case a claim for services and forty-

Suit v. Gibson.

seven items of expenses and certain credits were met by an answer challenging their correctness and setting up thirty-four items of alleged payments, and it was held that no error was committed in sustaining the motion to refer. *Bank v. Simpson* involved simply the correctness and fairness of a referee's report, while the Culbertson decision held that an action brought to obtain an accounting of the gas taken from several wells for a considerable time was a proper one to be sent to a referee. We are not furnished with any authority or decision from this or any other court holding it error to refuse a reference.

"It is the universal rule that the constitutional guaranty of trial by jury prohibits the compulsory reference of the issues in an action at law, with the exception, to be discussed hereafter, that in some jurisdictions an action involving a long account may be referred. Where a court orders a compulsory reference in a case not authorized by statute, it not only exceeds its power, but also infringes the constitutional right of the litigants to a jury trial, and its action is reversible error." (23 R. C. L. 288, § 4.)

"A court is not bound to refer an action involving a long and complicated account; it is a matter of discretion, and that discretion will not be inquired into unless it affirmatively appears that there was a gross abuse thereof." (Id., § 5.)

(See, also, *Weidenfeld v. Woolfolk,* 56 N. Y. Supp. 740; *Leary v. Albany Brewing Co.,* 72 N. Y. Supp. 657; *Hoff v. Robert H. Ried & Co.,* 97 N. Y. Supp. 107; and *Ice Co. v. Tamm,* 138 Mo. 385.)

It is ordinarily presumed that the trial judge would be a better hand to hear and decide a case than a referee, and usually references are had for the purpose of relieving the trial court from taking the time necessary to go through matters of this kind when it is needed for attention to other cases.

Nothing in the record indicates any failure on the part of the defendant to receive proper attention from the court and counsel, or the application of the correct principles of law involved.

The judgment is affirmed.