17990

SCHOOL DISTRICT NO. 10 OF CHARLESTON COUNTY, The State of South Carolina, Appellant, v. Leuvenia WALLACE, Irving Robinson, and Edward K. Pritchard, Respondents.

(128 S. E. (2d) 167)

324

*Messrs. Sinkler, Gibbs & Simons,* of Charleston, *for Appellant,*

*Messrs. Klyde Robinson* and *Edward K. Pritchard,* of Charleston, *for Respondents,*

*Messrs. Sinkler, Gibbs & Simons,* of Charleston, *for Appellant, in Reply,* 

November 13, 1962.

LEWIS, Justice.

This proceeding was instituted by the appellant School District on June 3, 1952, pursuant to Section 25-101 *et seq.* of the 1952 Code of Laws of South Carolina, to acquire through condemnation a 16½ acre tract of land owned by the respondents. The matter was referred on September 24, 1955 to the Honorable O. T. Wallace, as Special Master, for the purpose of determining the sum which the appellant should pay as compensation for the taking of the property and to ascertain the persons to whom such compensation should be paid. On November 1, 1961, over six years later, no report having been filed by the special master, the appellant served notice upon the respondents that it had elected to end the reference and further consideration of the matter by the special master, due to his failure to file his report within the statutory time limit prescribed in such cases, and at the time noticed a motion before the Circuit Court for an order further designating the procedure by which the amount of compensation to be paid should be determined. On Novem-

ber 2, 1961, the day following the filing of the above notices by appellant, the report of the special master was filed.

The foregoing motion of appellant to, in effect, end the reference previously ordered and withdraw the matter from further consideration by the special master was heard by the lower court on November 13, 1961, and an order subsequently passed denying the same. This appeal is from such order of the lower court.

Since, at the time of the hearing of the motion, the report of the special master had been filed, the effect of the ruling of the lower court was to permit the report to be considered in the case. Therefore, the question to be determined in this appeal is whether or not the lower court erred in refusing to end the reference and in permitting consideration of the report of the special master, filed on November 2, 1961.

The motion of the appellant to end the reference was based upon the failure of the special master to file his report within the time limit set by either Sections 10-1413 or 25-123 of the 1952 Code of Laws, and the filing of the election to end the reference was done pursuant to the provisions of Section 10-1414 of the 1952 Code of Laws. We must first determine the application of the foregoing statutes to the issues here involved.

Sections 10-1413 and 10-1414, *supra,* are a part of the general statutory provisions relating to the filing of reports by masters and referees appointed by the court in actions pending before it. Section 10-1413 requires that reports by such masters and referees shall be filed within sixty days from the time that the action shall be finally submitted to them, unless the time is extended by consent of the parties on their attorneys in writing. Section 10-1414 provides that, upon the failure of the master or referee to file the report within the sixty day period, either party may end the reference by serving notice upon the opposite party that he elects to end the same. Upon such an election, the action proceeds as though no reference had been ordered.

The Public Works Eminent Domain Law, under which admittedly this proceeding is brought, is contained in Chapter 3 of Title 25, Sections 25-101 through 25-140, of the 1952 Code of Laws. These sections prescribe the procedure for acquisition of property by condemnation for the purposes therein stated. Section 25-117 provides that the court shall in such condemnation proceedings, unless a jury trial is demanded, appoint a special master to fix the amount to be paid for the property being acquired and determine the parties to whom such compensation shall be payable. This section requires that such special master shall, immediately after his appointment, subscribe to an oath that he will to the best of his ability truly decide the issues before him. Section 25-123 sets the time limit, and the conditions for extending time, for the filing of the report by such special master. This section is as follows:

"The report of the special master must be filed with the clerk of court in which the proceeding is pending within thirty days after the date of the taking of the oath, unless further time is granted by the court. The court shall grant additional time for the filing of the report only on a showing that the report cannot, with all due diligence, be prepared within the time fixed."

The lower court in refusing the motion of appellant held that Sections 10-1413 and 10-1414 governed and that under the facts the report of the special master was timely filed within sixty days *from the time that the action was finally submitted to him*. While we agree that the motion of appellant should have been denied, we reach such conclusion by application of the provisions of Section 25-123, quoted above, instead of Sections 10-1413 and 10-1414.

Since this is admittedly a proceeding under the Public Works Eminent Domain Law, its provisions, of which Section 25-123, *supra*, is a part, govern the determination of this matter. Sections 10-1413 and 10-1414 are a part of the general statutory law relating to masters and

referees. The Public Works Eminent Domain Law has dealt specially with the appointment of special masters to determine the issues arising under its exercise, and particularly with the time limit for the filing of reports by them. As between the foregoing general statutory provisions and the special provisions contained in Section 25-123, quoted above, the latter must prevail. *Truesdell v. Johnson,* 144 S. C. 188, 142 S. E. 343. Therefore, the issues in this appeal must be determined with reference to Section 25-123 and not under the general statutory provisions contained in Sections 10-1413 and 10-1414. This decision is so confined.

However, since the Honorable O. T. Wallace, to whom the issues were referred in this case, is the Master in Equity for Charleston County, it is argued that the filing of his report was governed by the general statutory provisions contained in Sections 10-1413 and 10-1414, *supra.* Ordinarily, this would be true; but in this case he was acting, not as Master in Equity for Charleston County, but as special master under the terms of the Public Works Eminent Domain Law. The fact that he held the office of Master in Equity was immaterial. Acting as such special master, his report was required to be filed within the time limits set by Section 25-123, *supra.*

Along with the motion of the appellant, there was filed an election to end the reference pursuant to the provisions of Section 10-1414. Under that section, if the report of the master or referee is not filed within the sixty day period set by Section 10-1413, generally either party may elect to end the reference, but no such provision is contained in the Public Works Eminent Domain Law which governs this proceeding. As heretofore pointed out, the time for the filing of the report of the special referee in this proceeding, and questions relating thereto, are to be determined under the terms of Section 25-123, quoted above. Therefore, the fact that the appellant filed an election in this case under Section 10-1414 to end the reference did not operate to do so within itself, as that section has no application here.

We come then to a determination of the effect of the failure of the special master to file his report within thirty days after the date of the taking of the prescribed oath, as required by Section 25-123. The appellant contends that under Section 25-123, upon the failure of the special master to file his report within the thirty day period, he automatically lost jurisdiction of the cause. The statute declares no such result. We do not construe the time limitation for filing of a report by such special master as a limitation upon his power, but rather as a direction to proceed expeditiously. The directions of the statute should have been complied with, either by the filing of the report within thirty days or by obtaining an extension of time from the court. The statute clearly imposes a duty upon the special master to expeditiously dispose of the issues referred to him for decision. Upon the failure of the special master to comply with the statute, he might have been removed, or required to make his report, upon the application of either party. Neither party made such application until November 1, 1961, more than six years after the order of reference and the taking of the oath by the special master. During this time the special master might have been removed as such, but until such action was taken, under our construction of Section 25-123, the order of reference continued in full force and the special master had jurisdiction of the cause. *Perkins v. Roberts County,* 27 S. D. 281, 130 N. W. 443, 34 L. R. A., N. S. 581. See: *Cothran v. Knox,* 17 S. C. 591; *Stack v. Haigler,* 90 S. C. 319, 73 S. E. 354.

The special master did not, therefore, lose jurisdiction of the cause by his failure to file the report within the thirty day period, and whether or not the report would be received and considered after the expiration of the statutory time limit was a matter within the discretion of the lower court.

· This action was instituted on June 3, 1952 and an order of reference taken on September 24, 1955. On that date the

special master subscribed to the required oath. Two hearings were held before him, one on September 28th and the other about October 12, 1955. At this second hearing the special master was authorized and urged by all parties to inspect the property being condemned and similar properties in the area before reaching his decision, and an agreement had that oral arguments would be made after transcript of the testimony was prepared. Also, at the second hearing certain testimony offered by the appellant was taken subject to an objection by respondents as to its admissibility. On October 28, 1955 there was a telephone conversation between counsel in which appellant's counsel advised that the testimony offered by appellant at the second hearing would be withdrawn and there was also a discussion of several claimed errors in the record. On October 31, 1955 this telephone conversation was confirmed by a letter from respondents' counsel to appellant's counsel and the latter contained a promise to later outline in accordance with the telephone conversation of October 28, the claimed errors in the record so that agreement could be reached thereabout. On the same date a letter was written to the special master by respondents counsel referring to the visitation of the property by the special master and concluding with the statement that, as soon as he and appellant's counsel could agree on the record, arrangements would be made for oral arguments. On November 1, 1955 appellant's counsel wrote to the special master confirming the letter of October 31, 1955 of opposing counsel to him. On April 3, 1956 respondents' counsel by letter to appellant's counsel pointed out five alleged errors in the record and requested an agreement that they be corrected. To this letter, appellant's counsel replied on July 10, 1956 agreeing to three of the suggested changes in the record and rejecting the other two. The special master was advised by letter of respondents' counsel on March 29, 1957, approximately eighteen months after the order of reference was issued, of the agreement on three of the corrections to the record and the disagreement as to the other two.

Following the foregoing letter of March 29, 1957, numerous conferences were held between counsel and the special master over a long period relative to the holding of oral arguments, inspection of the property, and the filing of a report in the matter. No oral arguments were ever made and the record contains some disagreement concerning a possible waiver of such in these conferences. The special master certifies that he completed the inspection of the property on September 6 or 7, 1961. His report was filed on November 2, 1961 which was the day following the filing of the above mentioned notices by appellant to end the reference.

We certainly do not sanction the long delay in disposing of this case before the special master. It should have been disposed of within the thirty day period provided by Section 25-123, or within such extended time as the court upon application would have allowed. However, no such extension of time was obtained and none of the parties did anything to pursue the legal remedies available to them to expedite the litigation for a period of approximately six years. At least as late as eighteen months after the cause was referred to the special master, counsel were still in disagreement in some respects as to the record upon which the issues would be decided, and oral arguments, which they agreed would be made, were still to be heard and had not been waived. The only ground, upon which it was contended that the report should be rejected, was that it had not been filed within the time set by statute. To have granted appellant's motion would have caused still further delay, as the issues could only be determined in such event by another trial.

We think that under the facts of this case the lower court reached the correct conclusion and properly received the report of the special master for consideration.

Affirmed.

TAYLOR, C. J., and MOSS and BRAILSFORD, JJ., concur.

BUSSEY, J., did not participate.